UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FLOYD WEBB, BARRON SHEPHERD )<br>WENDY SHEPHERD, and )<br>ASHIDA KIM )<br>)<br>Defendants. ) | Civil Action No. **07-11673-MLW** |

### MEMORANDUM IN SUPPORT OF CO-DEFENDANTS' MOTION TO DISMISS

**I.  INTRODUCTION**

Defendant Barron Shepherd and Defendant Wendy Shepherd (collectively "Defendants" or the "Shepherds") submit this memorandum in support of their motion to dismiss for lack of personal jurisdiction and for failure to state a claim for which relief can be granted.

**II.  FACTUAL BACKGROUND**

Defendants are residents of Indiana.  (B. Shepherd Aff. ¶ 1.); (W. Shepherd Aff. ¶ 1.)  In April, 2007, Defendant Barron Shepherd arranged to purchase film footage from an individual named John Creeden ("Creeden").  (B. Shepherd Aff. ¶ 3.)  Creeden is not a party to this action.  In exchange for the film footage, Defendant Barron Shepherd made two payments of five hundred dollars ($500.00) each to Creeden on April 11, 2007 and May 21, 2007, respectively.  (B. Shepherd Aff. ¶ 3.)  On September 7, 2007, Plaintiff

1

William Aguiar ("Plaintiff") filed an action in this court against the Defendants for copyright infringement.

This motion to dismiss is based on a lack of personal jurisdiction over the Defendants and failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

### III.  ARGUMENT

#### A.    This Action Should Be Dismissed For Lack Of Personal Jurisdiction

The Shepherds submit that this Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Where the court's jurisdiction is contested pursuant to Rule 12(b)(2), the plaintiff bears the burden of persuading the court that jurisdiction exists. *See McNutt v. Gen. Motors*, 298 U.S. 178, 189 (1936).  The plaintiff's burden is met only if the plaintiff can show that there exist minimum contacts between the defendant and the forum state. *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  Such minimum contacts must be sufficiently extensive that allowing a court of the forum state to exercise personal jurisdiction over a nonresident defendant would not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The case law has recognized two ways in which a defendant may be subjected to the personal jurisdiction of a court: specific jurisdiction and general jurisdiction.  Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  General jurisdiction is invoked in suits neither arising out of nor related to the defendant's contacts, and is permitted only where the defendant has

continuous and systematic general business contacts with the forum. *Id*. at 416. Neither sort of contact exists between the Shepherds and Massachusetts.

### 1. This Court Lacks Specific Jurisdiction Over Defendants

The Defendants are not subject to specific jurisdiction in this case. Specific jurisdiction requires that the plaintiff's claims directly arise out of the specific contacts between the defendant and the forum state. *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990) (finding specific jurisdiction lacking). The complaint does not allege that the Shepherds performed any act in Massachusetts with respect to the copying of Plaintiff's alleged copyrighted materials. The Shepherds have not offered any services in Massachusetts or performed any acts in Massachusetts that would give rise to such jurisdiction. (B. Shepherd Aff. ¶¶ 1, 2.); (W. Shepherd Aff. ¶¶ 1, 2.) Because Plaintiff's claims against the Shepherds do not arise out of, and are not related to any of the Shepherd's activities within Massachusetts, the Shepherds are not subject to specific jurisdiction here. *See Helicopteros*, 466 U.S. at 415.

### 2. This Court Lacks General Jurisdiction Over Defendants

The Shepherds plainly have not had "continuous and systematic general business contacts" with Massachusetts sufficient to establish general jurisdiction here. *Sandstrom v. Law Corp.*, 904 F.2d 83, 89-90 (1st Cir. 1990) (finding license to do business in the forum, appointment of agent for services of process in the forum, and advertising in the forum not sufficiently continuous and systematic to establish general jurisdiction). The Shepherds do not regularly transact business in Massachusetts. (B. Shepherd Aff. ¶ 5.); (W. Shepherd Aff. ¶ 4.) The Shepherds do not own or lease property in Massachusetts. (B. Shepherd Aff. ¶ 6.); (W. Shepherd Aff. ¶ 5.) The Shepherds do not have any bank

accounts in Massachusetts, nor do they file tax returns in Massachusetts. (B. Shepherd Aff. ¶ 7, 8.); (W. Shepherd Aff. ¶ 4, 5.) In short, Defendants do not have the minimum contacts necessary to subject them to general jurisdiction in Massachusetts.

### 3. Jurisdiction Is Improper Under Massachusetts' Long-Arm Statute

The Massachusetts long-arm statute imposes constraints on personal jurisdiction that go beyond those imposed by the due process clause of the Constitution. *Nowak v. Tak How Inv., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996). The Massachusetts long-arm statute provides in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth …

Mass. Gen. Laws ch. 223A §3 (2005). Jurisdiction is generally not premised on the basis of a single, isolated transaction in the Commonwealth. *See Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079 (1st Cir. 1973) (no jurisdiction because defendant's contact with forum state was a single order); *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441 (1972) (no jurisdiction when defendants' sole contacts with Massachusetts were in the nature of affirming a contract and making payments through the mail); *Gray v. Michael Stapleton Assocs., Ltd.*, 22 Mass. L. Rep. 480 (Mass. Super. Ct. 2007) (a single transaction within Massachusetts is generally insufficient to warrant a finding of jurisdiction); *Stanton v. AM General Corp.*, 50 Mass.App.Ct. 116, 735 N.E.2d 407 (2000) (non-resident manufacturer's single purchase of parts from a Massachusetts company did not constitute "doing business" under the long-arm statute). Barron Shepherd has not transacted business in Massachusetts beyond the sending of two

payments into Massachusetts for the purpose of purchasing film footage from Creeden. (B. Shepherd Aff. ¶¶ 3-5.).  Wendy Shepherd has not transacted any business in Massachusetts.  (W. Shepherd Aff. ¶¶ 2-4.)  Furthermore, the Shepherds have not contracted to supply services or things of any kind in Massachusetts.  (B. Shepherd Aff. ¶ 3.); (W. Shepherd Aff. ¶ 2.)  Consequently, even if personal jurisdiction were proper under the Constitution, this Court lacks personal jurisdiction over the Shepherds under the Massachusetts long-arm statute.

  **B.** **This Action Should Be Dismissed For Plaintiff's Failure To State A Claim For Which Relief May Be Granted**

  The Shepherds submit that this Court should dismiss this action pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  A complaint should be dismissed under Rule 12(b)(6) when a review of the complaint shows beyond doubt that that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Wetmore v. MacDonald, Page, Schatz, Fletcher & Co., LLC*, 476 F.3d 1, 2 (1st Cir. 2007).  In evaluating whether a complaint should be dismissed pursuant to Rule 12(b)(6), the issue before the court is whether the facts alleged, generously construed in favor of the plaintiffs, state a valid legal claim that would warrant relief on any theory of law.  *Marx v. Globe Newspaper Co.*, 13 Mass. L. Rep. 190 (Mass. Super. Ct. 2001).  A court should reject claims that are made in the complaint if they are "bald assertions" or legal conclusions.  *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002); *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996).  *Resolution Trust Corp. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993)

("factual allegations in a complaint are assumed to be true when a court is passing upon a motion to dismiss, but this tolerance does not extend to legal conclusions").

### 1. Plaintiff Fails To Adequately Plead Copyright Infringement Against Defendants

A properly pleaded copyright infringement claim must allege (1) which specific original works are the copyright claim's subject, (2) that plaintiff owns the copyright in these works, (3) that the copyrights have been registered in accordance with the statute, and (4) by which acts during what time the defendant infringed on the copyright. *See e.g. ABC, Inc. v. Flying J, Inc.*, 2007 U.S. Dist. LEXIS 13252 10 (D.N.Y. 2007); *Airframe Sys. v. L-3 Communs. Corp.*, 2006 U.S. Dist. LEXIS 64362 8 (D.N.Y. 2006); *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 964 (D. Tex. 2006). A complaint must provide more than conclusory allegations of copyright infringement to withstand dismissal. *Maverick Recording Co. v. Goldshteyn*, 2006 U.S. Dist. LEXIS 52422 6 (D.N.Y. 2006). Broad, sweeping allegations of infringement do not constitute a properly pleaded copyright infringement claim. *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 n.3 (S.D.N.Y. 1992).

Plaintiff fails to adequately plead a claim of copyright infringement against the Shepherds. Plaintiff instead sets forth a broad allegation that the Shepherds "infringed upon" Plaintiff's copyrighted materials, without describing by which acts or during what time such infringement allegedly occurred. (Complaint ¶ 6.) The complaint provides no more than conclusory allegations of copyright infringement by the Shepherds. Without more, Plaintiff's allegations of copyright infringement are mere bald assertions and legal conclusions, and not sufficient to withstand a motion to dismiss.

IV. CONCLUSION

The Shepherds do not have sufficient minimum contacts with Massachusetts to subject them to jurisdiction in a Massachusetts court. Plaintiff has failed to properly plead a claim of copyright infringement against the Shepherds. Accordingly, this action should be dismissed for lack of personal jurisdiction or failure to state a claim for which relief may be granted.

Respectfully submitted,

BARRON SHEPHERD
WENDY SHEPHERD

By their attorneys,

/s/ Aaron Silverstein
Aaron Silverstein (BBO# 660716)
Arpiar M. Saunders (BBO# 664997)
Saunders Silverstein & Booth LLP
172 State Street Suite 3
Newburyport, MA  01950
(978) 463-9100

Dated: October 1, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants on October 1, 2007.

/s/ Aaron Silverstein
Aaron Silverstein