UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM V. AGUIAR III          )  |  |
|                                                )  |  |
|         Plaintiff,                         )  |  |
|                                                )  |  |
| v.                                           )  | Civil Action No. 07-11673-MLW |
|                                                )  |  |
| FLOYD WEBB, BARRON SHEPHERD )  |  |
| WENDY SHEPHERD, and       )  |  |
| ASHIDA KIM aka CHRISTOPHER )  |  |
| HUNTER aka BRADFORD DAVIS )  |  |
|                                                )  |  |
|         Defendants.                    )  |  |

### CO-DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

Co-Defendants, Barron and Wendy Shepherd (the "Shepherds") oppose Plaintiff's Motion For Preliminary Injunction.

1.     On October 1, 2007, the Shepherds filed with this Court a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (the "Motion to Dismiss"). This Court has yet to rule on the Motion to Dismiss. In the event that this Court does grant the Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction will be moot.

2.     Plaintiff is not entitled to the extraordinary relief of a preliminary injunction, as he has failed to demonstrate that he will be irreparably injured if his motion is denied. Plaintiff has neither offered any evidence to support a preliminary injunction, nor has he supported his motion with any case law. Plaintiff has failed to offer any evidence of even a single instance of any violation of the Plaintiff's alleged copyrights or trademarks by the Shepherds. Moreover, Plaintiff's Complaint only contains one count,

that of copyright infringement, and hence there is no basis whatsoever for an injunction to issue with regard to trademarks allegedly owned by the Plaintiff. Plaintiff's Affidavit alleges that the Shepherds "conspired" with Defendant Kim to violate the Plaintiff's copyright and trademarks. (W. Aguiar Aff. ¶ 16.) Again, Plaintiff offers no evidence whatsoever of such "conspiracy". Plaintiff claims that the Shepherds are "partners" with co-defendant Kim, but offers no evidence to support such claim. (W. Aguiar Aff. ¶ 17.) The Shepherds are not business partners with Mr. Kim. In sum, Plaintiff's motion is grounded entirely on baseless claims, and is merely intended to prolong this frivolous lawsuit at great cost to the Shepherds.

3. Plaintiff has no likelihood of success on the merits. The single most important factor in evaluating whether a preliminary injunction should issue is whether the moving party can establish a likelihood of success on the merits. "The *sine qua non*…is whether the plaintiffs are likely to succeed on the merits." *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). Even if the Shepherds' Motion to Dismiss is denied, Plaintiff cannot show any likelihood of success. Plaintiff has failed to claim any specific instances of violations of his alleged rights by the Shepherds and will not be able to do so in the future. Moreover, it appears that by claiming questionable rights in certain works Plaintiff believes that he has stumbled upon a pot of gold and has blindly alleged that the Shepherds have violated his rights in some way.

4. Plaintiff has failed to demonstrate that he will be irreparably injured if his motion is denied. The Supreme Court has recognized that in considering a motion for preliminary injunction, "[t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily

expended…are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Plaintiff has completely failed to demonstrate that he would be harmed in any way, let alone irreparably, if an injunction does not issue. Plaintiff relies instead on the bald and vague statements made in his affidavit, which by themselves are not enough to support his motion.

5.    Pursuant to Rule 65(c), in the event that this Court does grant Plaintiff's Motion for Preliminary Injunction, Plaintiff should be required to post a bond in an amount determined by this Court for the payment of such costs and damages as may be incurred by the Shepherds if they are found to have been wrongly enjoined.

## Conclusion

For all of these reasons, this Court should deny the Plaintiff's motion.

Respectfully submitted,

BARRON SHEPHERD
WENDY SHEPHERD

By their attorneys,

/s/ Aaron Silverstein
Aaron Silverstein (BBO# 660716)
Arpiar M. Saunders (BBO# 664997)
Saunders Silverstein & Booth LLP
172 State Street Suite 3
Newburyport, MA  01950
(978) 463-9100
asilverstein@ssbooth.com
msaunders@ssbooth.com

Dated: October 12, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants on October 12, 2007.

                                        /s/ Aaron Silverstein
                                        Aaron Silverstein