Aguiar v. Webb et al                                                                                                    Doc. 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR            )
                             )
        Plaintiff            )
                             )
v.                           )
                             )
FLOYD WEBB, BARRON SHEPPARD, )    Civil Action No. 07-11673-MLW
WENDY SHEPPARD and ASHIDA    )
KIM a.k.a. RADFORD DAVIS and )
a.k.a. CHRISTOPHER HUNTER    )
                             )
        Defendants           )

## MOTION TO DISMISS F.R.C.P. 65 (a) (1) RADFORD DAVIS

NOW COMES, defendant Radford Davis, pro se, in proper person who moves this Honorable Court to Dismiss with prejudice Plaintiffs' Motion for Preliminary Injunction F.R.C.P. 65 (a)(1) for lack of jurisdiction and inadequacy of the Plaintiff's petition. To wit, Plaintiff's petition is unnecessarily vague and fails to cite specific instances or examples of the alleged infringement.

In support of his motion, the Defendant attaches the following response to Plaintiff's Petition:

1.

First, Plaintiff's petition is once again inadequate. He alleges infringement of his copyrighted materials but cites no examples. The reason for this is that none exist.

2.

Second, Plaintiff's list of copyrighted materials increases with each petition. In his first petition he lists "books and DVDs title World's Deadliest Fighting Secrets and videos Charging T and Death March; World's Deadliest Fighting Secrets Poison Hand; and Dance of Death and

Ballet of Horror." Now he is claiming four (4) different versions of World's Deadliest Fighting Secrets; plus WDFS number two; plus The Count Dante Fighting System and the Black Dragon Fighting Society. Plus, we gather from the ensuing paragraphs, he claims total and absolute proprietary ownership of every image and logo and word contained within any of these.

3.

Plaintiff asks the Court to enjoin the defendant from any display of plaintiff's copyrighted material. No such injunction is necessary, since none of these materials, no matter how broadly plaintiff might interpret them, are displayed on my website.

4.

Plaintiff ask the Court to require us to produce sales records of said items. No such order is required since there have been no sales of anything even remotely associated with Plaintiff.

5.

Paragraph 5 of plaintiff's petition says, "I was successful on past occasion of having the violating material removed from defendant Ashida Kim's website via cease and desist order, however, the violating materials always return for sale in one form or another." While it is true that plaintiff has been able to bully some internet servers into shutting down other people's websites is true. But, once the facts are made known to these internet providers, the service is usually restored within a few days. Demonstrating that plaintiff's petitions lack any merit or substance. In November 2005, in response to plaintiff's attorney, we indicated that all references to plaintiff and his copyrighted materials had been removed from all of our products and asked if there were any further examples he would like to cite that we could modify to his satisfaction. We received no reply. Therefore, there are no infringements of any of this material as demonstrated by plaintiff's attorney's acquisition and agreement that the requirements of his cease and desist order had been met.

6.

Paragraph 6 of plaintiff's petition alleges that defendant Kim has "sold membership in the BDFS; granted black belts without authorization of the BDFS; and has franchises to martial art schools using BDFS logos, materials and fighting systems without my permission and authority." First, plaintiff must establish that he has any authority to issue such authorizations. ALL of our memberships are in the DOJO-Academy of Martial Arts, totally unaffiliated with the BDFS in any way. Any such fraternal affiliations that may have been made PRIOR to November 2005 have been voided due to plaintiff's constant complaints. In 1968 I learned the martial arts exercise referred to by plaintiff as the Dance of Death. At that time I was issued and ID Card indicating that I was a registered member of the Black Dragon Fighting Society. No one said I was not allowed to teach this form or open my own chapter of this organization until November 2005 when plaintiff belatedly copyrighted his own revised version of *World's Deadliest Fighting Secrets* and began harassing people. He said I was not a member of the Black Dragon Fighting Society. I produced the ID Card to prove I was. He refused to accept that as proof. So, if I am not in his club, then he cannot tell me what to do. Furthermore, I hold Black Belt degrees in many styles and systems and am internationally recognized as a consummate martial artist. I do not need plaintiff's permission to grant rank in any of those styles. Or systems. I do not confer rank in the Dante Fighting System, nor provide memberships in the Black Dragon Fighting Society.

7.

Paragraph 7 says plaintiff "never gave permission for defendant Kim to sell (his) trademarked to copyrighted material." No permission is needed because defendant has never sold any of the materials listed on either petition as copyrighted by plaintiff.

8.

Paragraphs 8-14 do not pertain to defendant Ashida Kim. However, Ashida Kim is neither financially nor contractually associated with Floyd Webb in any manner.

9.

Paragraph 15 states that "plaintiff will be irreparably harmed if Kim/Davis/Hunter is allowed to continue to sell his copyrighted material." Defendant has yet to demonstrate that any such sales have occurred.

10.

Paragraph 16 claims a conspiracy. This is pure paranoia. No one cares about plaintiff or his constant whining. Nor can plaintiff demonstrate any contractual or financial association among the parties named.

11.

Paragraph 17 reiterates this affiliation, which does not exist.

12.

Paragraph 18. Plaintiff has yet to demonstrate such sales. Nor has he demonstrated any sales of his own to substantiate his claim of financial loss.

13.

Paragraph 19 The "above actions are continuing" is patently untrue. Once again plaintiff claims an offense but fails to produce evidence of such offense. As usual, his petitions are vague, obscure, irrelevant, incompetent, and immaterial.

14.

Paragraph 20 states that plaintiff offers his copyrighted materials for sale on his own website. Where? If you go there the only pages that are active are the message Blogs where these people constantly whine about how they are going to kill their enemies or have their Mafia friends do it

for them or just simply threaten people. In fact, if you go there the top of the page says, "Yes Ashida, a whole webpage dedicated to your destruction." There is nothing for sale there. But, last time they did try to sell something, they just took people's money and never filled an order. Check how many complaints have been filed against them with the Post Office.

15.

Paragraph 21 Plaintiff raises the issue of venue. Certainly he has no jurisdiction in this instance. I do not live in Massachusetts. I do no business in Massachusetts. Nor has plaintiff demonstrated jurisdiction.

16.

Paragraph 22 is the same as paragraph 19. An unsubstantiated claim of irreparable harm being caused by an offense that is not occurring.

17.

The Defendant therefore petitions the court to dismiss plaintiff's petition to cease and desist as well as to enjoin, Documents number 07CA11673MLW and F.R.C.P. 65 (a)(1), with extreme prejudice, since plaintiff has a) failed to demonstrate jurisdiction; b) failed to demonstrate ownership of the material in question with supporting documentation; c) failed to cite a single example of this alleged infringement; d) and has repeated demonstrated his mental instability by making harassing and threatening phone calls, posting the names and addresses of defendants on the internet and encouraging others to attack them, and threatening to rape defendant Barron Sheppard's wife; e) defendant is currently under investigation by the Rhode Island State Police regarding a murder and may shortly be indicted for complicity in a real crime.

Defendant Ashida Kim aka Radford Davis aka Christopher Hunter, therefore petitions this Honorable Court to dismiss Plaintiff's Motion for Preliminary Injunction F.R.C.P. (a)(1) for relief from the constant harassment of this disturbed individual.

                                                                                     Respectfully submitted,

                                                                                     Radford Davis, PRO SE
                                                                                     Post Office Box 209
                                                                                     Lake Alfred, Florida 33850
                                                                                     (863) 401- 9473
                                                                                     dojopress@gmail.com

Attachments: copy of complaint
E-mail threatening bodily harm from Aguiar
E-mail regarding RI State Police Investigation