Aguiar v. Webb et al
Doc. 35

UNITED STATES DISTRICT COURT   FILED
DISTRICT OF MASSACHUSETTS  IN CLERKS OFFICE

2007 OCT 24   A II: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM V. AGUILAR, III,
Plaintiff,

v.                                    CASE NO.  07-11673-MLW

FLOYD WEBB, BARRON SHEPHERD,
WENDY SHEPHERD, and
ASHIDA KIM,
Defendants.
_____/

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, IMPROPER VENUE

The Defendant, ASHIDA KIM, whose actual name is Radford Davis, moves, pursuant to Rule 12(b)(2) and, in the alternative, Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss the action filed against him, based upon lack of personal jurisdiction upon Mr. Davis and improper venue, and states the following:

1.     Mr. Davis believes that personal jurisdiction cannot be had in Massachusetts over him, as the facts of this case do not provide Massachusetts with either specific or general jurisdiction to hear this case.  Further, even if Mr. Davis has sufficient contacts with Massachusetts for personal jurisdiction purposes, it would be patently unreasonable for Mr. Davis to defend litigation in Massachusetts when the vast majority of witnesses and evidence regarding Mr. Davis' case is actually in

1

Dockets.Justia.com

Florida.

2.    In the alternative, Mr. Davis would contend that Massachusetts is an improper venue for this proceeding. Mr. Davis does not reside in Massachusetts and is not a district where he "may be found" as that phrase is used in Section 1400 of 28 United States Code.

3.    A supporting memorandum and supporting affidavit accompanies this motion.

WHEREFORE, the Defendant Radford Davis, a/k/a ASHIDA KIM, respectfully requests that his motion be granted; that this action be dismissed for lack of personal jurisdiction; or in the alternative that this action be dismissed for improper venue; or for such other relief that the Court deems reasonable under the circumstances.