UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 OCT 24  A 11: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM V. AGUILAR, III,
Plaintiff,

v.   CASE NO. 07-11673-MLW

FLOYD WEBB, BARRON SHEPHERD,
WENDY SHEPHERD, and
ASHIDA KIM,
Defendants.
_____/

MEMORANDUM OF LAW AND AFFIDAVIT IN SUPPORT OF THE MOTION OF RADFORD DAVIS, A/K/A ASHIDA KIM, TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, IMPROPER VENUE

Radford Davis, a/k/a ASHIDA KIM, files the following memorandum of law and supporting affidavit in support of his Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, Improper Venue:

I.   Factual background.

Radford Davis is a citizen of Florida who sometimes goes by the stage name of Ashida Kim. Mr. Davis is a martial arts master. In his spare time, Mr. Davis collects and shares martial arts history and historical data. As part of his activities, Mr. Davis has maintained certain website activities that, *inter alia*, display the history of the martial arts and offer merchandise and items for sale. In addition, Mr. Davis

1

is also an outspoken supporter of "true" martial arts practitioners, and has been known to criticize and parody those whom he believes is either not faithfully practicing the creed of the martial arts or pretends to be a martial arts master when that person really is not.

While the Plaintiff's complaint is very unclear and makes conclusory allegations about copyright infringement, it is believed that the Plaintiff's concerns about Mr. Davis do not actually stem from the production of the documentary in which the other defendants in this action participated. This is because Mr. Davis' contribution to the documentary was in providing historical information and interviews, and not in the actual direction, production, or creation of the documentary itself. Rather, it is believed that the Plaintiff's concerns about Mr. Davis stem from Mr. Davis' outspoken criticism of the Plaintiff in the field of the martial arts. Much of this critique, criticism, and sometimes parody has taken the form of passive internet postings that were available for viewing free of charge, not only on Mr. Davis' websites, but on other public oriented websites, such as YouTube.

Mr. Davis has never personally been to Massachusetts. Further, Mr. Davis received notice of this action by mail in Florida. The websites, critiques, and parody materials in question were all produced and displayed utilizing sources outside of the State of Massachusetts. While the website does offer merchandise and items for sale,

a recent audit revealed that only seven sales were made to Massachusetts, the sum of which constituted only one-tenth of one percent of all website sales. None of the seven sales to Massachusetts involved products or merchandise that are the focus of this action.

II.     Mr. Davis possesses insufficient minimum contacts with the State of Massachusetts to subject him to personal jurisdiction in the State of Massachusetts.

When personal jurisdiction is challenged, the burden ultimately falls on the Plaintiff to establish sufficient affirmative facts to establish that Massachusetts has sufficient personal jurisdiction to require Mr. Davis to answer this cause of action. There are two types of personal jurisdiction: The first is limited, or special jurisdiction, which allows a court to force a nonresident to defend himself or herself in a foreign state based upon actions conducted within that state that are the actual subject matter of the cause of action. See Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002). The second is general jurisdiction, which would allow a foreign state to exercise jurisdiction over a nonresident even for activities not conducted within the foreign state. See id.

In this case, the only possible thing linking Mr. Davis to Massachusetts is seven internet-based sales to Massachusetts customers. None of the seven sales regarded any materials or items that are the subject matter of this infringement

litigation. Therefore, the doctrine of limited jurisdiction is inapplicable, and the Plaintiff would have to prove that Massachusetts could exercise general jurisdiction over Mr. Davis. This would require proof that Mr. Davis' contacts with Massachusetts were substantial, continuous, and systematic. See id. Mere proof that repeated contacts are being made by a foreign defendant to residents of that forum does not necessarily mean that the contact is substantial, continuous, and systematic. See id.

In this case, general personal jurisdiction over this dispute simply does not lie in Massachusetts. In Bird v. Parsons, the Sixth Circuit found that general jurisdiction did not lie in Ohio for a nonresident internet domain name registry service, despite the fact the business provided a website open for Ohio residents to place orders and that over 4000 Ohio residents had, in fact, registered domain names through the service. 289 F.3d 865 (6th Cir. 2002). Mr. Davis' seven sales over a period of years is a far cry from the 4000 sales in Bird, and yet the 4000 sales was insufficient to convey general personal jurisdiction. See id. Mr. Davis would contend seven sales of inoffensive merchandise does not give Massachusetts the right to hail him into a Massachusetts-based court for disputes that have nothing to do with Mr. Davis' out-of-state activities that were unrelated to the seven in-state sales.

Further, Mr. Davis never voluntarily submitted himself to the jurisdiction of

Massachusetts through contract or otherwise. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985). Mr. Davis never voluntarily entered into a contractual or other agreement in Massachusetts the subject of which forms a substantial part of this cause of action, nor did he actually conduct any activities in Massachusetts which actually form a substantial part of this cause of action. See McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 233 (1957). The Massachusetts long-arm statute requires that the cause of action must relate to Massachusetts based activities. See **Mass. Stat.** Ch. 223A, Sec. 3. Finally, as a citizen of Florida who has never personally been to Massachusetts, and was not actually served in Massachusetts, Massachusetts has no general jurisdiction over Mr. Davis under principles of common law. See Pennoyer v. Neff, 95 U.S. (5 Otto) 714, 24 L. Ed. 565 (1877).

For these reasons, this Court should dismiss this action as to Mr. Davis for lack of personal jurisdiction.

   III.   Venue for this action does not lie in the District of Massachusetts.

This argument and motion is interposed in the alternative in the event this Court finds that there is personal jurisdiction in Massachusetts. Under Section 1400(a) of Title 28, United States Code, venue for this copyright infringement action in the judicial district where Mr. Davis resides or "may be found". The phrase "may

be found" is often equated with the ability to reach and serve the defendant in that state under that state's applicable long-arm statute. See Milwaukee Concrete Studios v. Fjeld Mfg. Co., 8 F.3d 441 (7th Cir. 1993).

In this case, Mr. Davis does not reside in Massachusetts, is not a domiciliary of Massachusetts, and has never been, in fact, found in Massachusetts, since he has never been there in his life. Further, Mr. Davis would assert that the Massachusetts long-arm statute would not apply to any of his activities in question, as they do not involve activities that transpired in Massachusetts. See **Mass. Stat.** Ch. 223A, Sec. 3. Thus, not only is venue improper in Massachusetts, but personal jurisdiction is improper as well.

IV.   Conclusion.

Given the nature of venue in copyright actions, it is closely linked with personal jurisdiction, almost to the point where the two concepts may be interchangeable at times. Whether viewed as a personal jurisdiction argument or a venue argument, Mr. Davis simply has insufficient voluntary contacts with the State of Massachusetts to require that he defend himself there, especially for alleged conduct that had nothing to do with Massachusetts. Even if there were sufficient contacts, the fact that nearly all the evidence and witnesses related to the Plaintiff's claims against Mr. Davis are located in Florida would make it patently unreasonable

to require Mr. Davis to defend himself in Massachusetts.

For these reasons, this Court should dismiss this action as it applies to Mr. Davis.

## AFFIDAVIT

STATE OF FLORIDA
COUNTY OF POLK

I, Radford Davis, being duly sworn, fully depose and state that I have read the foregoing memorandum and the factual allegations contained therein are true.

X _____
Radford Davis

Sworn to and subscribed before me this ____ day of _____, 200__, by Radford Davis, who is personally known to me or has produced _____ as identification and who did take an oath.

_____
Notary

Christopher Desrochers
Commission # DD390475
Expires February 13, 2009
Bonded Troy Fain - Insurance, Inc. 800-635-7019