# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR, III,

              Plaintiff,

   v.

FLOYD WEBB, BARRON SHEPHERD,
WENDY SHEPHERD and ASHIDA KIM
a/k/a CHRISTOPHER HUNTER and
a/k/a BRADFORD DAVIS,

              Defendants.

Civil Action No. 07-CA-11673-MLW

## CO-DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Co-Defendants, Barron Shepherd and Wendy Shepherd ("Co-Defendants"), submit this reply in support of their Motion to Dismiss, for the limited purpose of addressing arguments raised by the Plaintiff in his Denial of Motion to Dismiss filed with the Court on October 15, 2007.

    1.    <u>Co-Defendants Have Not Waived Their 12(b)(2) Defense of Lack of Personal Jurisdiction</u>

In his Denial of Motion to Dismiss, Plaintiff alleges that Co-Defendant Barron Shepherd waived his 12(b)(2) defense of lack of personal jurisdiction by filing a counter-notification pursuant to 17 U.S.C. § 512(g)(3). Plaintiff's allegation is entirely without merit for the following reasons.

          A.    <u>Co-Defendants Have Not Filed Any Counter-Notification</u>

Plaintiff alleges Co-Defendant Barron Shepherd filed a counter-notification pursuant to 17 U.S.C. § 512(g)(3). *See* Plaintiff's Denial of Motion to Dismiss. Plaintiff alleges that his attached Exhibit C evidences such counter-notification. *See* Plaintiff's Denial of Motion to Dismiss Ex. C. Plaintiff is entirely incorrect in this regard. The counter-notification at issue was filed by Defendant Radford Davis, not by Co-Defendants. *Id.* Co-Defendants have never received any notification of claimed copyright infringement filed by Plaintiff pursuant to 17 U.S.C. § 512(c)(3), and therefore have never filed any corresponding counter-notification pursuant to 17 U.S.C. § 512(g)(3). *See* Dec. of Barron Shepherd in Support of Co-Defendants' Motion to Dismiss ¶¶ 1, 2; Second Dec. of Wendy Shepherd in Support of Co-Defendants' Motion to Dismiss ¶¶ 1, 2. Consequently, Plaintiff's allegation that by such counter-notification Barron Shepherd waived his 12(b)(2) grounds for dismissal for lack of personal jurisdiction is incorrect, and Co-Defendants' Motion to Dismiss should be granted.

Moreover, Plaintiff falsely alleges that Mr. Shepherd is an owner of SKS Systems and Dojo Press. *See* Plaintiff's Memorandum to Deny Co-Defendants' Motion to Dismiss ¶ 2. Plaintiff has continually and without basis in fact attributed to Co-Defendants activities undertaken by other parties. Plainly put, Co-Defendants have no business relationship with Mr. Davis, have no ownership stake in SKS Systems or Dojo Press, and have no interest in or control over Mr. Davis' activities that may have given rise to the allegations made by Plaintiff. *See* Dec. of Barron Shepherd in Support of Co-Defendants' Motion to Dismiss ¶¶ 3, 4; Second Dec. of Wendy Shepherd in Support of Co-Defendants' Motion to Dismiss ¶¶ 3, 4.

B.  <u>Plaintiff Fundamentally Misstates the Law</u>

Plaintiff has fundamentally misstated the law with respect to the effect of counter-notifications filed pursuant to 17 U.S.C. § 512(g)(3). 17 U.S.C. § 512(g)(3) sets forth the requirements that a subscriber to an online service provider must comply with when the subscriber files a counter-notification on the belief that material that has been removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. Pursuant to 17 U.S.C. § 512(g)(3)(D), such counter-notification must include "the subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court *for the judicial district in which the address is located*." (emphasis added)

Plaintiff is patently incorrect in concluding that had Mr. Shepherd filed a counter-notification, Mr. Shepherd would thereby have consented to the jurisdiction of this Court, or waived his 12(b)(2) defense. To the contrary, 17 U.S.C. § 512(g)(3) provides that had Mr. Shepherd filed a counter-notification, Mr. Shepherd would have consented to personal jurisdiction only of the Federal District Court located in the district in which *his* address is located. Currently, Mr. Shepherd is a resident of Indiana who is employed in Mississippi. *See* Aff. of Barron Shepherd ¶¶ 1, 2.

Hence, assuming *arguendo* that Mr. Shepherd filed a counter-notification in response to Plaintiff's notification of claimed copyright infringement, under no circumstances has Mr. Shepherd consented to personal jurisdiction of the Federal District Court for the District of Massachusetts or waived his right to raise a 12(b)(2) defense of lack of personal jurisdiction with respect to the action filed by Plaintiff in this Court. Co-Defendants' Motion to Dismiss should therefore be granted.

### 2. Plaintiff Does Not Allege Co-Defendant Wendy Shepherd Has Consented to Personal Jurisdiction

Plaintiff alleges that Co-Defendant Barron Shepherd waived his 12(b)(2) defense of lack of personal jurisdiction by filing a counter-notification pursuant to 17 U.S.C. § 512(g)(3). *See* Plaintiff's Denial of Motion to Dismiss. Plaintiff does not allege that Co-Defendant Wendy Shepherd filed any such counter-notification. Plaintiff has entirely failed to provide any evidence or even allege a single fact in support of his Denial of Motion to dismiss such that this Court may exercise personal jurisdiction over Mrs. Shepherd.

### 3. Plaintiff Does Not Oppose Co-Defendants' Motion to Dismiss For Failure to State a Claim

In his Denial of Motion to Dismiss, Plaintiff does not in any way oppose Co-Defendants' 12(b)(6) grounds for dismissal for failure to state a claim. Consequently, even if Plaintiff is successful in opposing Co-Defendants' 12(b)(2) grounds for dismissal for lack of personal jurisdiction, Co-Defendants' Motion to Dismiss should be granted on 12(b)(6) grounds for failure to state a claim.

### 4. Conclusion

For the foregoing reasons, Co-Defendants' Motion to Dismiss should be granted.

    Respectfully submitted,

    BARRON SHEPHERD
    WENDY SHEPHERD

    By their attorneys,
    /s/ Aaron Silverstein
    Aaron Silverstein (BBO# 660716)

                                                  Arpiar M. Saunders (BBO# 664997)
Saunders Silverstein & Booth LLP
172 State Street Suite 3
Newburyport, MA  01950
(978) 463-9100
asilverstein@ssbooth.com
msaunders@ssbooth.com

Dated: October 31, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed on October 31, 2007 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants on the above date.

>                              /s/ Aaron Silverstein
>                              Aaron Silverstein