UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



WILLIAM V AGUIAR III
PLAINTIFF

CIVIL ACTION. 07-11673-MLW

VS.

FLOYD WEBB AND ALL
DEFENDANT'S

MOTION
PLAINTIFF REQUEST FOR INTERROGATORIES DOCUMENTS

PLAINTIFF HEREBY REQUEST'S THE FOLLOWING DOCUMENT'S

1. Federal Tax returns for 2001 to 2006
2. All contributor's to the film Search for Count Dante
3. All picture's pertaining to the Search for count Dante.
4. All book's pertaining to the Search for Count dante.
5. All donation to the film Search for Count Dante
6. All Interview's for the search for Count Dante
7. All hard drives and disk for the Search for Count Dante.
8. State the name addresses and occupation's of each person participating in the preparation of the answers to these interrogatories
9. State the name addresses of each person known to the deponent to have knowledge of matters covered by the answers to these interrogatories, whether or not such person is employed by the party answering these interrogatories, and if not whom such person is employed.
10. All contributions to the film.
11. All Advertising item's [i.e.] shirt's, hat's, bag's, poster's
12. All info regarding employee's involvement for the production of Search for Count Dante.

13. All e-mail pertaining to the Search for Count Dante
14. All International correspondence [I e] names pictures video's
15. All funding for the Search for Count Dante.
16. All Video pertaining in all forms pertaining to the Search for Count Dante.
17. All Incorporation's pertaining to the Search for Count Dante.
18. All film companies and their role in the search for Count Dante.


WILLIAM V. AGUIAR III
630 MAPLE STREET
FALL RIVER  MASSACHUSETT'S

*William V. Aguiar III*
PRO SE

10/29/07

CERTIFICATE OF SERVICE

William V Aguiar III
Plaintiff
VS.

Civil Action No. 07-11673-MLW

Floyd Webb and All
Barron and Wendy Sheppard
Ashida Kim / Radford Davis

I William V Aguiar III I herby state that I mailed A true copy within document's to all counsel of record.

William V Aguair III
Pro Se  *William V. Aguiar III*
630 Maple Street
Fall River Massachusett's 02720

10/29/07

## GENERAL DURABLE POWER OF ATTORNEY

## OF WILLIAM V. AGUIAR, JR.

I, **WILLIAM V. AGUIAR, JR.**, the principal, of 281 South Main Street, Fall River, Massachusetts, hereby designate my son, **William V. Aguiar, III**, of 580 Locust Street, Fall River, Massachusetts my attorney-in-fact in my name and for my benefit, hereby revoking any and all powers of attorney I may have executed in the past.

I.  POWERS

I confer upon my attorney-in-fact full power to administer my personal and business affairs and to deal with all of my property, whether standing in my name alone or in my name with any other person or persons. My attorney-in-fact shall on my behalf have full power to exercise or perform any act, power, duty, right, or obligation whatsoever that I now have or may hereinafter acquire, relating to any person, matter, transaction, or property, real or personal, tangible or intangible, now owned or hereafter acquired by me, as I might or could do if personally present, including, without limitation, and, by way of example, the following specifically enumerated powers:

1.  **Powers of Collection and Payment.** To forgive, request, demand, sue for, recover, collect, receive, and hold all sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock certificates, bonds, dividends, certificates of deposit, annuities, pension, profit sharing, retirement, Social Security, Medicare, insurance, and other contractual benefits and proceeds, all documents of title, all property, real or personal, tangible or intangible property, and property rights, and demands whatsoever, liquidated or unliquidated, now or hereafter owned by, or due, owing, payable, or belonging to me, or in which I have or may hereafter acquire an interest; to have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases, receipts, or other sufficient discharges for the same;

2.  **Power to Acquire, Lease, and Sell.** To acquire, purchase, exchange, lease, grant options to sell, and sell and convey real or personal property, tangible or intangible, or any interests therein, on such terms and conditions, including credit arrangements, as my attorney-in-fact shall deem proper; to execute, acknowledge, and deliver, under seal or otherwise, any

and all assignments, transfers, deeds, papers, documents, or instruments which my attorney-in-fact shall deem necessary in connection therewith; to purchase, sell or otherwise dispose of, assign, transfer, and convey shares of stock, bonds, securities, and other personal property now or hereafter belonging to me, whether standing in my name or otherwise, and wherever situated;

3. **Management Powers.** To maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property, tangible or intangible, or any interests therein, that I now own or may hereafter acquire, in my name and for my benefit, upon such terms and conditions as my attorney-in-fact shall deem proper;

4. **Banking Powers.** To make, receive, and endorse checks and drafts, deposit and withdraw funds, acquire and redeem certificates of deposit, in banks, savings and loan associations, and other institutions, execute or release such deeds of trust or other security agreements as may be necessary or proper in the exercise of the rights and powers herein granted;

5. **Investment Powers.** To pay or to deposit in my name or in the name of any other person with any bank, broker, corporation, firm, or person any money or property that may belong to me; to withdraw from any bank, broker, corporation, firm, or person any money or property that may now or hereafter belong to me or be due me, including, without limitation, any money or property held in my name; and to give instructions or consent to any agent who shall be acting for me and to any trustee of property for my benefit; to transmit, either orally or in writing, in accordance with the procedures established by any investment firm, instructions for the purchase, sale, exchange, or transfers of shares of all funds invested with such firm;

6. **Motor Vehicles.** To apply for a Certificate of Title upon, and endorse and transfer title thereto, for any automobile, truck, pickup truck, van, motorcycle, or other motor vehicle, and to represent in such transfer or assignment that the title to said motor vehicle is free and clear of all liens and encumbrances except those specifically set forth in such transfer or assignment;

7. **Tax Powers.** To act without limitation on my behalf with regard to federal income taxes (Forms 1040, 1040EZ, 1040X, etc.), state and local income taxes, estate, gift (Form 709), and other tax returns of all

to surrender, assign, exchange, or otherwise modify any such policy or contract;

10. **Power to Create and Transfer Assets to Inter Vivos Trust.** To execute a revocable trust agreement with such trustee or trustees as my attorney-in-fact shall select, which trust shall provide that all income and principal shall be paid to me or to some person for my benefit or applied for my benefit in such amounts as I or my attorney-in-fact shall request or as the trustee or trustees shall determine, and that on my death my remaining income and principal shall be paid to my personal representative, and that the trust may be revoked or amended by me or my attorney-in-fact at any time and from time to time; provided, however, that any amendment by my attorney-in-fact must be such that by law or under the provisions of this instrument such amendment could have been included in the original trust agreement; to deliver and convey any or all of my assets to the trustee or trustees thereof; to add any or all of my assets to such a trust already in existence at the time of the creation of this instrument or created by me at any time thereafter;

11. **Power to Make Statutory Elections and Disclaimers.** To make on my behalf any and all statutory elections and disclaimers available to me at law;

12. **Retirement Plan Powers.** To exercise in any manner any election or option under and to make any one or more withdrawals from any Individual Retirement Account or any stock option, profit sharing, pension, thrift, savings, or other employee benefit plans in which I may have any interest, and to become a participant in such a plan or to establish an Individual Retirement Account in my name, to change the designation of beneficiary in effect for any such Individual Retirement Account or employee benefit plan, to waive any rights which I may have with respect to any employee benefit plan in which my spouse is a participant, to contribute to an existing Individual Retirement Account or other employee benefit plan in my name, and to roll over the proceeds of a lump-sum distribution from any qualified pension or profit-sharing plan into an Individual Retirement Account or another qualified pension or profit sharing plan;

13. **Estate Administration.** To assent or to oppose the allowance of any probate or other accounts in which I may be or become interested, and generally to act in any and all probate matters or proceedings in which I may become interested;

14. **Powers as to Rents.** To receive and give receipt for all rents and income to which I am or may become entitled, pay therefrom all necessary expenses for the maintenance, upkeep, care and protection of my property, deduct therefrom her own reasonable compensation and pay the net income from time to time to me or in such manner as I shall direct, or in the absence of such payment to me or such direction, to invest the same in her judgment;

15. **Use of Funds for My Care.** In the event of my illness, incapacity, or other emergency, to incur and pay and satisfy such expenses and obligations for my comfort, benefit, and care, and obligations of a nature customarily incurred by me, as in her judgment she may consider necessary or desirable or consistent with my wishes;

16. **Estate Planning.** To take such action or to apply such funds in such fashion as my attorney-in-fact determines is in keeping with my wishes and interests so far as they can be ascertained, without petition to or leave of court, for the purpose of conserving my property, benefiting my descendants and other relatives, minimizing current or prospective federal and state taxes, and maximizing entitlements to federal and state medical, welfare, housing, and other public programs, by all legitimate and proper means within the sound and trusted discretion of my attorney-in-fact, including, without limitation, gifts to such relatives, friends, and charities as would likely be the recipients of donations from me, and revocable or irrevocable transfers into trusts for the benefit of myself or other said recipients; to take these steps even though my attorney-in-fact is a member of the group that may benefit under the estate plan; to consult with lawyers, accountants, or other advisors in carrying out the powers granted herein, to rely on the advice given by such advisors, and to pay all expenses incurred in carrying out the powers hereunder out of my assets. As a guide to my attorney-in-fact in creating an estate plan, my primary aim is to preserve my assets for the benefit of my spouse during my spouse's lifetime and for my children and their issue after my spouse's death. To the extent legally possible, it is my hope that my estate plan will protect my assets from being dissipated to pay for the cost of health, medical, or nursing home expenses and minimize the amount of estate taxes payable on my death. The decision of my attorney as to the form and contents of my estate plan shall be final and binding on all parties. Notwithstanding anything in the foregoing to the contrary my attorney-in-fact may not make gifts or create beneficial interests for herself or her issue that at the time in

question would exceed in the aggregate the portion of my estate to which my attorney or her issue would be entitled under the laws of Massachusetts if I then died intestate and a domiciliary of said state;

17. **Power to Hire and Pay for Services.** To retain such accountants, attorneys, social workers, consultants, clerks, employees, workmen, or other persons as my agent shall deem appropriate in connection with the management of my property and affairs and to make payments from my assets for the charges of such persons so employed;

18. **In the Event of My Incapacity.** If my attorney-in-fact believes that I am permanently incapacitated, my attorney-in-fact is authorized to dispose of any and all of my tangible personal property, including wearing apparel, library, jewelry, household furnishings and effects, etc.; to vacate my home at **281 South Main Street, Fall River, MA**, or any home I may own during the time this power of attorney is in effect; items to be disposed of may be disposed of by gift, sale, or by the retention thereof by my attorney-in-fact. At the discretion of my attorney-in-fact, items of personal effects may be given as I have requested in writing to my children or others.

In addition to the foregoing, my attorney-in-fact hereunder may act as my alter ego with respect to any and all possible matters and affairs not otherwise enumerated herein and which I as principal can do through an agent.

II. <u>INTERPRETATION AND GOVERNING LAW</u>

This instrument is to be construed and interpreted as a general durable power of attorney. The enumeration of specific powers herein is not intended to, nor does it, limit or restrict the general powers herein granted to my attorney-in-fact. For a third party to construe otherwise would be contrary to my intent. This instrument is executed and delivered in the Commonwealth of Massachusetts and the laws of the Commonwealth of Massachusetts shall govern all questions as to the validity of this power and the construction of its provisions. Nevertheless, I intend that this instrument be given full force and effect in any state in which I may find myself or in which I may own property, whether real or personal. I direct that my attorney-in-fact not be required to give bond and, if any bond is required, that no sureties be required. I direct that photocopies of this instrument shall have the same power and effect as the original.

III. EFFECTIVE DATE AND DURABILITY

This General Durable Power of Attorney shall take effect when executed by me and shall not be affected by lapse in time nor by my subsequent disability or incapacity and shall be binding not only upon me but also upon my heirs, executor, and administrator up to the time of the receipt by my said attorney-in-fact of a written revocation signed by me or of reliable intelligence of my death.

IV. THIRD PARTY RELIANCE

Any party dealing with my attorney-in-fact hereunder may rely absolutely on the authority granted herein and need not look to the application of any proceeds nor the authority of my attorney-in-fact as to any action taken hereunder. Any party may treat my attorney-in-fact or any authorized officer or employees of my attorney-in-fact as authorized to act for me on my behalf in the same manner and with the same force and effect as I might or could. In this regard, no person who may in good faith act in reliance upon the representations of my attorney-in-fact or the authority granted hereunder shall incur any liability to me or my estate as a result of such act and shall be indemnified and held harmless from acting upon instructions, either oral or in writing, reasonably believed to have originated with my attorney-in-fact. I hereby ratify and confirm whatever my attorney-in-fact shall lawfully do under this instrument. Any gift of property made by my attorney-in-fact in the proper exercise of the gift-making powers specifically granted in section I (11) herein shall be a full and complete delivery of title upon which third-party purchasers for value may rely. My attorney-in-fact is authorized as he or she deems necessary to bring an action in court so that this instrument shall be given the full power and effect that I intend on by executing it.

V. ACCOUNTING

Upon a written request made by me or by **William V. Aguiar, III**, my attorney-in-fact shall within 90 days of such request deliver to me or to such designated individual a full written accounting of my attorney-in-fact's acts and actions under this instrument. **In the event that my attorney-in-fact does not provide such accounting within said 90 days of such request**, the above-named individual shall succeed to my power of revocation, having full power to revoke this instrument by writing delivered to my attorney-in-fact.

IN WITNESS WHEREOF, I have on this 14th day of January, 2003, executed this General Durable Power of Attorney,

_William V. Aguiar Jr._
WILLIAM V. AGUIAR, JR.