UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR, III,

           Plaintiff,

  v.

FLOYD WEBB, BARRON SHEPHERD,
WENDY SHEPHERD and ASHIDA KIM
a/k/a CHRISTOPHER HUNTER and
a/k/a BRADFORD DAVIS,

           Defendants.

Civil Action No. 07-CA-11673-MLW

**DEFENDANT WEBB'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.    FACTS**

Plaintiff William V. Aguiar III ("Aguiar") initiated this action against documentary filmmaker Floyd Webb ("Webb") and other defendants alleging that unspecified works infringed Plaintiff's copyrights in unspecified ways at unspecified times. Plaintiff now seeks to add 3 to 1 Studios, LLC ("3 to 1") as a defendant, yet offers no allegations against 3 to 1 other than simply naming it as a defendant. Thus, the sum total of Plaintiff's proposed amendment is to add the following language to paragraph 3 of his complaint: "3 to 1 Studios is a film studio lawfully doing business in Illinois and is producing a filed [sic] called the Search for Count Dante."

**II.    ARGUMENT**

    **A.    The Court Should Deny the Proposed Amendment Because It is Futile**

The Federal Rules of Civil Procedure allow a party to amend a pleading after a responsive pleading has been served only by leave of court or with consent of the adverse party. Fed. R. Civ. P. 15(a). Although the rule embodies a liberal policy to allow

amendment of pleadings, *O'Connell* v. *Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004), the trial court need not allow amendment of a complaint when it would be an exercise in futility.  See *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 191 (1st Cir. 2006).

Where leave to amend is sought before any party has made a motion for summary judgment and discovery has not yet closed, the trial court determines futility by reference to the same standard it applies to a Rule 12(b)(6) motion.  See *Hatch v. Department for Children*, 274 F.3d 12, 19 (1st Cir. 2001); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  Here, Plaintiff states no facts that would state a claim against 3 to 1 even under the most liberal reading.

### 1. Plaintiff Fails to Allege Facts to Support the Exercise of Personal Jurisdiction Over 3 to 1

A proposed amendment is futile where the allegations of the amended complaint are insufficient to support the exercise of personal jurisdiction over a proposed out-of-state defendant.  *MacFarlane v. McKean*, 4 F.3d 982, 1993 WL 349674, at *5 (1st Cir. 1993), *citing Textor v. Board of Regents,* 711 F.2d 1387, 1391 (7th Cir. 1983) (unpublished opinion).  Here, the amendment is futile because Plaintiff alleges that 3 to 1 is an Illinois corporation, but does not allege any facts suggesting 3 to 1 has any contacts with the Commonwealth of Massachusetts, much less facts sufficient to support general or specific jurisdiction.

### 2. Plaintiff Fails To Allege Facts Sufficient To Support Infringement Liability

While well-pleaded facts must be taken as true, "a complaint's 'bald assertions' or legal conclusions" need not be credited.  See *Glassman*, 90 F.3d at 628-629 (plaintiff's factually unsupported hypothesis supporting its motion to amend complaint is futile)

2

(citations omitted).[1]   Broad, sweeping allegations of copyright infringement are insufficient to sustain an infringement action.  *See* 5 *Patry on Copyright* § 19:3 (multiple citations omitted).  The plaintiff must allege "by what acts during what time the defendant infringed the copyright."  *Krasselt v. Joseph E. Seagram & Sons, Inc.*, 2002 WL 1997926 *1  (S.D.N.Y August 22, 2002) (quoting *Plunket v. Doyle* , 2001 WL 175252, *4 (S.D.N.Y. Feb. 22, 2001) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y.1992) aff'd, 23 F.3d 398 (2d Cir.)).

General allegations of infringement as to multiple defendants are likewise insufficient; liability must be alleged separately as to each defendant.  *See Livnat v. Lavi*, 1997 WL 563799 at *2 (S.D.N.Y.) (lumping defendants together under a single general allegation does not sufficiently permit an adequate opportunity for defense to copyright claim); *Home Design Services, Inc. v. David Weekley Homes, LLC*, 2007 WL 1080001 at *3 (M.D. Fla.) ("shotgun" pleading insufficient to notify each individual defendant in copyright action of the actions that plaintiff alleges to establish liability).

Plaintiff fails both tests here.  First, Plaintiff does not allege any acts by 3 to 1 that constitute infringement.  Insofar as Plaintiff is asserting "The Search for Count Dante" is infringing, he fails to allege any facts to that effect, or any facts that would identify which copyrights that film infringes, or how.  Indeed, the film is not finished, and Aguiar has not alleged that he has seen it.  Although trailers for the film are available on line, neither has the complaint alleged what component of those trailers constitutes the alleged

---

[1] Although a pro se litigant's pleadings are construed liberally, *see Ahmed v. Rosenblatt*, 118 F. 3d 886, 890 (1st Cir. 1997), failure to satisfy the Rule 8(a) standard may result in a dismissal.  *See Fisher v. United Feature Syndicate, Inc.*, 203 F.3d 834 (10th Cir. 2000), cert. denied, 531 U.S. 992, 121 S. Ct. 483, 148 L. Ed. 2d 456 (2000).

3

infringement.[2]  The only relation 3 to 1 has to this matter is that Floyd Webb happens to be a partner in it for the purposes of other ventures.  *See* Declaration of Floyd Webb in Opposition to Motion to Amend Complaint ("Webb Dec.") ¶¶ 7-9.  Plaintiff should not be allowed to harass Webb by involving his unrelated business ventures in this litigation.

Second, the proposed amendment (like the original complaint) lumps all defendants together without any specificity as to which defendant did what.  Indeed, the entirety of Plaintiff's infringement allegations are as follows:  "Defendant's [sic] have infringed upon plaintiff's copyrighted material's [sic] and has caused William V Aguiar severe financial damages."  This allegation consists solely of a legal conclusion and is insufficient to put any defendant properly on notice of Aguiar's claims.  Permitting Plaintiff to add 3 to 1 only compounds that problem by adding another defendant, the supposedly infringing acts of whom are left entirely unspecified.

**B.     If Granted Leave to Amend, Plaintiff Should Be Ordered To Replead The Complaint**

Insofar as the Court decides to grant Plaintiff's Motion to Amend the Complaint, it should order Plaintiff to replead his entire complaint so that it identifies each specific act of infringement allegedly committed by each defendant.  For each act of infringement alleged, Plaintiff should likewise be ordered to specify when it occurred and which alleged copyright that act infringed.  Without such information, each defendant is left without proper notice of the claims against him.

At a minimum, each defendant is entitled to know the nature of each act of alleged infringement.  Insofar as the allegedly infringing act is the publication of an

---

[2] While other documents filed in this matter may contain clues to the identity of some of the material Aguiar claims was infringed, the defendants are still in the dark regarding the extent of the claims. Defendants should not have to sift through Aguiar's various filings to divine the allegations against them.

audiovisual work, Plaintiff should identify the work and identify which portions of the work infringe which copyrights. Insofar as the allegedly infringing act is the publication of a website, Plaintiff should identify the website specifically and identify which portions of the website infringe which copyrights. Such information will provide defendants with the required notice of the claims against them, and permit more efficient discovery and resolution of this case.

### III.     CONCLUSION

Plaintiff's Motion to Amend Complaint should be denied. Insofar as the Court permits amendment, it should order Plaintiff to replead his complaint to meet the level of specificity set forth above.

Dated: November 5, 2007
Stanford, California

        Respectfully submitted,

        FLOYD WEBB,

        By his attorneys,

        /s/ Brandy A. Karl
        Brandy A. Karl (BBO #661441)
        Lawrence Lessig (*pro hac vice*)
        Anthony Falzone (*pro hac vice*)
        Julie Ahrens (*pro hac vice*)
        Center for Internet and Society
        Stanford Law School
        559 Nathan Abbott Way
        Stanford, CA 94305-8610
        bkarl@stanford.edu
        Tel:  (650) 724-0517

and

        Michael Boudett (BBO # 558757)
        David Kluft (BBO # 658970)
        Walead Esmail (BBO # 666347)
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, MA 02210

        *Attorneys for Defendant Floyd Webb*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy was sent to those indicated as non registered participants on November 5, 2007.

        /s/ Brandy A. Karl
        Brandy A. Karl