UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | |
| FLOYD WEBB, BARRON SHEPPARD, ) | Civil Action No. 07-11673-MLW |
| WENDY SHEPPARD and ASHIDA ) | |
| KIM a.k.a. RADFORD DAVIS and ) | |
| a.k.a. CHRISTOPHER HUNTER ) | |
| ) | |
| Defendants ) | |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS-RADFORD DAVIS

NOW COMES, defendant Radford Davis, pro se, in proper person who moves this Honorable Court to Dismiss with prejudice Plaintiffs' Motion To Deny Defendant's Motion to Dismiss of October 12 and 22, 2007, for lack of personal jurisdiction and inadequacy of the Plaintiff's petition. To wit,

Plaintiff's motion once again fails to demonstrate jurisdiction of this Honorable Court and substantially misrepresents the conditions under which jurisdiction is claimed and therefore this issue does not rise to the level of consideration by this Honorable Court.

In support of his motion, the Defendant attaches the following response to Plaintiff's Petition:

1.

Plaintiff alleges sufficient business contacts with the State of Massachusetts to warrant jurisdiction but fails to provide any supporting evidence of such sales or contacts.

Page 1 of 5

Dockets.Justia.com

2.

Plaintiff alleges that Defendant consented to the jurisdiction of this Honorable Court through "counter-notification #163720033" to YouTube.com on July 18, 2007, in response to his DCMA notification #1633364 of June 20, 2007. Not so.

a) Counter-Notification #163720033 was made to YouTube.com, 1000 Cherry Ave. 2nd Floor, San Bruno California 94066 on July 18, 2007, NOT TO PLAINTIFF. Paragraph 3 of You Tube's Counter-Notification procedure reads as follows: "Provide a statement that <u>you consent to the jurisdiction of Federal District Court for the judicial district in which your address is located</u> (or San Francisco County, California if your address is outside of the United States), and that you will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." Defendant is a resident of the State of Florida as indicated in previous filings, whose address is Lake Alfred, Florida. Accordingly, the proper venue and jurisdiction would be Federal District Court in Tampa or Orlando, not Massachusetts. If it please this Honorable Court, this is yet another example of Plaintiff's intentional misreading, misinterpretation, and misrepresentation of the facts.

b) Counter-Notification to YouTube.com was WITHDRAWN on July 30, 2007 (See attached 1. Copy of Withdrawal of Counter-Notification; 2. Copy of Successful Fax of Withdrawal; 3. Copy of Certified Mail Receipt; 4. Copy of Return Receipt)

c) Plaintiff's Complaint was not filed until September 7, 2007, FORTY DAYS AFTER the Counter-Notification had been withdrawn. In documents submitted by Plaintiff YouTube clearly states he must file such a complaint within ten days.

d) As demonstrated by the Withdrawal of Counter-Notification, YouTube has refused to communicate with Defendant regarding this matter. Nor, apparently have they informed Plaintiff of the Withdrawal of Counter-Notification which renders his claim of jurisdiction impotent, irrelevant, and immaterial.

3.

Once again, Plaintiff claims facts that are not in evidence. Mr. Sheppard does not own Skssystems. Nor do of the alleged infringing videos offer memberships for sale.

4.

Plaintiff cites a previous incident in which his attorney sent a Cease and Desist letter to Defendant's internet provider in 2005 alleging fifty incidents of copyright infringement. Attached is a letter in response to Plaintiff's attorney indicating that many of these allegations were baseless but listing modifications made to comply with his specifications nonetheless. Defendant also requested at that time that any other such allegations be made known so that they too could be brought into compliance with Plaintiff's somewhat distorted interpretation of copyright. No further response was forthcoming from Plaintiff or his attorney. Thus demonstrating that Defendant has done everything at every turn to satisfy Plaintiff, who refuses to be accept any reconciliation and cannot cite a single current infraction upon which to base his present claim.

5.

Plaintiff's reference to the Dojo Politics Page of my website supports the testimony of this affidavit.

6.

Plaintiff's reference to the $10,000 Challenge Response Page of my website is irrelevant and has no bearing whatsoever on the current cause of action except as a further example of his threatening and intimidating behavior.

7.

Neither Barron nor Wendy Sheppard are associated financially or contractually with Dojo Press or Skssystems.

8.

Plaintiff quotes Defendant as saying "not a problem" to consenting to Federal Court jurisdiction in his Counter-Notification to YouTube. But, once again, presents no documentation to support his allegation. The reason for this is that Plaintiff is aware that to submit Defendant's Counter-Notification claim to YouTube into evidence for the record would demonstrate that his original claim of copyright infringement to YouTube was totally without merit and included videos that were in no way associated with any of his copyrighted material. No copy of this complaint has ever been made available to Defendant by Plaintiff or YouTube. They were simply intimidated by Plaintiff into removing everything he listed whether it was relevant or not without even reviewing the material or permitting any appeal. They have since restored (9 November 2007) the disputed videos but have yet to communicate with Defendant in any way. This is in keeping with their published procedure. To wit: "After we send out the counter-notification, the claimant must then notify us within 10 days that he or she has filed an action seeking a court order to restrain you from engaging in infringing activity relating to the material on YouTube. If we receive such notification we will be unable to restore the material. If we do not receive such notification, we may reinstate the material."

Apparently, no indication of such court filing within the allotted window of opportunity has yet been presented to them and they have concluded that no true claim of infringement exists. Thus, rendering any claim of jurisdiction resulting from the Notification or Counter-Notification null and void.

9.

Defendant therefore begs this Honorable Court to grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12[b][2] and 12[b][6] and on the grounds that Plaintiff has failed to demonstrate sales or loss of sales or damages or value of his copyrighted materials to be in excess of $75,000. Accordingly Plaintiff's Petition does not rise to the minimum level of consideration under the purview of this Honorable Court.

Respectfully submitted,

*[signature]*

Radford Davis, PRO SE
P.O. Box 209
Lake Alfred FL 33850
(863) 401-9473
dojopress@gmail.com
30 October 2007