UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William V. Aguiar, III,

            Plaintiff,

   v.

Floyd Webb,
Barron Shepherd,
Wendy Shepherd,
Ashida Kim a.k.a. Christopher Hunter a.k.a.
Bradford Davis a.k.a. Radford Davis,

            Defendant.

Civil Action No. 1:07-cv-11673 MLW

**RADFORD DAVIS' MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

       Pursuant to the Order dated January 22, 2008, Defendant Radford Davis ("Mr. Davis") hereby moves to dismiss all of the claims against him in this action under to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6).

**1. INTRODUCTION**

      Plaintiff, William V. Aguiar, III ("Plaintiff"), filed an original complaint on September 7, 2007 (Original Complaint, Dkt. 1).  For the reasons set forth below, Plaintiff's complaint against Mr. Davis should be dismissed because this court does not have personal jurisdiction over Mr. Davis, because Plaintiff's complaint fails to state a claim upon which granted, and because Massachusetts is an improper venue.

**II. FACTUAL BACKGROUND**

      Mr. Davis is a martial arts expert and resident of the state of Florida.  (Declaration of Radford Davis, hereinafter "Davis Dec." ¶ 1, 7.)  He has never been within the confines of the

Commonwealth of Massachusetts. (*Id.* at ¶ 2.) Mr. Davis has no bank accounts in Massachusetts and owns no property in Massachusetts. (*Id.* at ¶¶ 4-5.) He does not file tax returns in Massachusetts. (*Id.* at ¶ 6.) He does not offer or contract to offer services of any kind in Massachusetts, and disseminates no advertising there. (*Id.* at ¶ 3, 8.)

Mr. Davis is interested in the martial arts and he collects information about martial arts and martial arts history. (*Id.* at ¶ 7.) He owns two websites, dojopress.com and ashidakim.com on which Mr. Davis displays information about martial arts, martial arts history, and offers martial arts-related merchandise for sale. (*Id.*) The information posted on Mr. Davis' websites is all produced and displayed utilizing resources outside of Massachusetts. (*Id.*)

In the last two years Mr. Davis has made seven sales, totaling only $267.25, through his websites to purchasers at addresses in Massachusetts. (*Id.* at ¶ 8.) These sales are estimated to be less than 1% of Mr. Davis's total sales during the last two years. (*Id.*) Mr. Davis does not disseminate advertising in Massachusetts; his only advertisements are the websites themselves. (*Id.* at ¶ 9.) Further, none of the sales to Massachusetts involved items that would appear to be the focus of this action. (*Id.* at ¶ 8.)

### III. ARGUMENT

    **A.    <u>The Complaint Against Mr. Davis Should Be Dismissed For Lack Of Personal Jurisdiction</u>**

The complaint against Mr. Davis should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

    **1.    Legal Standard**

Where the court's jurisdiction is contested pursuant to Rule 12(b)(2), the plaintiff bears the burden of persuading the court that jurisdiction exists. *See McNutt v. Gen. Motors,* 298 U.S. 178, 189 (1936). The plaintiff's burden is met and due process requirements satisfied only if the

plaintiff can show that there exist minimum contacts between the defendant and the forum state, either in the form of specific or personal jurisdiction. *See World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984). Such minimum contacts must be sufficiently extensive that allowing a court of the forum state to exercise personal jurisdiction over a nonresident defendant would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

A defendant may be subjected to the personal jurisdiction of a court if the facts show that either specific jurisdiction or general jurisdiction over the defendant exists. Specific jurisdiction over a defendant in a particular forum may be invoked where the claims in the suit arise out of or related to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984). General jurisdiction may be invoked in suits that neither arise out of nor are related to the defendant's contacts with the forum, but rather only where the defendant is shown to have continuous and systematic general business contacts with the forum. *Id.* at 416.

### 2. This Court Lacks Both General and Specific Jurisdiction Over Mr. Davis

Mr. Davis has not had "continuous and systematic" general business contacts with Massachusetts sufficient to establish general jurisdiction here. *Sandstrom v. Law Corp.,* 904 F.2d 83, 89-90 (1st Cir. 1990) (finding license to do business in the forum, appointment of agent for services of process in the forum, and advertising in the forum not sufficiently continuous and systematic to establish general jurisdiction). Mr. Davis has never been to Massachusetts, has never offered or contracted to offer services of any kind in Massachusetts, and disseminates no advertising in Massachusetts. (Davis Dec. ¶¶ 2-3, 9.) Mr. Davis owns two martial arts related

websites from which he offers martial arts paraphernalia. (*Id*. at ¶ 7.) Moreover, Mr. Davis does not own or lease property in Massachusetts, does not have any bank accounts in Massachusetts, and does not file tax returns in Massachusetts. (*Id*. at ¶¶ 4-6.) Mr. Davis' sole contact with Massachusetts has been in the form of seven (7) sales of books and DVDs, accounting for <u>less than 1%</u> of Mr. Davis's total sales during this time. (*Id*. at ¶ 8.) Thus, Plaintiff simply cannot show that Mr. Davis has sufficient minimum contacts with Massachusetts that would subject Mr. Davis to general personal jurisdiction in Massachusetts.

Nor can Plaintiff show that there is specific personal jurisdiction over Mr. Davis in Massachusetts here. Specific jurisdiction requires that a plaintiff's claims directly arise out of the specific contacts between the defendant and the forum state. *Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 462-63 (1st Cir. 1990). The complaint does not allege – and Plaintiff cannot show – that Mr. Davis performed any act specifically in Massachusetts that implicates any of Plaintiff's allegedly copyrighted works such that Plaintiff's claims could be said to "arise" in Massachusetts. (S*ee generally* Original Complaint, Dkt. 1; *see also* Davis Dec. ¶ 7.) Thus, Mr. Davis cannot be subject to specific jurisdiction here. *See Helicopteros,* 466 U.S. at 415.

### 3. Jurisdiction Is Also Improper Under Massachusetts' Long-Arm Statute

The Massachusetts long-arm statute imposes constraints on personal jurisdiction that go beyond those imposed by the due process clause of the Constitution. *Nowak v. Tak How Inv., Ltd.,* 94 F.3d 708, 712 (1st Cir. 1996). The Massachusetts long-arm statute provides in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth ...

Mass. Gen. Laws ch. 223A §3 (2005).

Jurisdiction generally cannot be premised on the basis of minor, isolated transactions in the Commonwealth. *See Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079 (1st Cir. 1973) (no jurisdiction because defendant's contact with forum state was a single order); *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441 (1972) (no jurisdiction when defendants' sole contacts with Massachusetts were in the nature of affirming a contract and making payments through the mail); *Gray v. Michael Stapleton Assocs., Ltd., 22* Mass. L. Rep. 480 (Mass. Super. Ct. 2007) (a single transaction within Massachusetts is generally insufficient to warrant a finding of jurisdiction); *Stanton v. AM General Corp.,* 50 Mass.App.Ct. 116, 735 N.E.2d 407 (2000) (non-resident manufacturer's single purchase of parts from a Massachusetts company did not constitute "doing business" under the long-arm statute).

Mr. Davis' contact with Massachusetts in the last two years is limited to an insignificant number of sales from his website, amounting to less than $300 in sales, and less than 1% of his sales for this time period. (Davis Dec. ¶ 8.) Consequently, even if personal jurisdiction were proper under the Constitution, this Court lacks personal jurisdiction over Mr. Davis under the Massachusetts long-arm statute.

### B. The Complaint Against Mr. Davis Should Be Dismissed For Failure To State A Claim For Which Relief May Be Granted

The Court should also dismiss the complaint against Mr. Davis pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

#### 1. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a cause of action should be dismissed if the complaint fails to state a claim upon which relief can be granted. The Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955 (2007) revised the standard for

reviewing motions to dismiss under Rule 12(b)(6).  The Court in *Bell Atlantic* stated that, in order to defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and the plaintiff must "nudge[] [his] claims across the line from conceivable to plausible."  *Id.* at 1974.  The Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65.

The plaintiff's complaint must set forth factual allegations, whether directly or inferentially, regarding each element of the cause of action to survive a motion to dismiss.  *Id.*  A court should reject claims that are made in the complaint if they are "bald assertions" or legal conclusions.  *Arruda v. Sears, Roebuck & Co.,* 310 F.3d 13, 18 (1st Cir. 2002); *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir. 1996).  *Resolution Trust Corp. v. Driscoll,* 985 F.2d 44, 48 (1st Cir. 1993) ("factual allegations in a complaint are assumed to be true when a court is passing upon a motion to dismiss, but this tolerance does not extend to legal conclusions").

### 2. Plaintiff Fails To Adequately Plead a Claim of Copyright Infringement Against the Defendant

A properly pleaded copyright infringement claim must allege (1) which specific original works are the copyright claim's subject, (2) that plaintiff owns the copyright in these works, (3) that the copyrights have been registered in accordance with the statute, and (4) by which acts and during what time the defendant has infringed the copyright.  *See e.g. Airframe Sys. v. L-3 Communs. Corp.,* 2006 WL 2588016, 3 (S.D.N.Y. 2006); *Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006).  A complaint must provide more than conclusory allegations of copyright infringement to withstand dismissal. *Maverick Recording Co. v. Goldshteyn,* 2006 WL 2166870, 2 (E.D.N.Y. 2006).  A complaint "must set out the 'particular

infringing acts … with some specificity." *Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000) (quoting *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 n.3 (S.D.N.Y.1992)). Broad, sweeping allegations of infringement do not constitute a properly pleaded copyright infringement claim. *Id*.

In his complaint, Plaintiff fails to adequately plead a claim of copyright infringement against Mr. Davis. In particular, while Plaintiff identifies in his complaint the title of a book and the titles of three DVDs, he fails to identify the four copyright registrations that might cover these four individual works. (Original Complaint, Dkt. 1 at ¶¶ 4-5.) Plaintiff identifies a single copyright registration number "A 86679" which appears to be a work registered to "Black Dragon Fighting Society, accepted alternate business designation of Count Dante", not Plaintiff. (*Id*.; Dkt. 20, Ex. B.) Plaintiff fails to explain if, and how, he is the owner of this copyright.

Moreover, Plaintiff fails to identify with any degree of specificity the acts allegedly undertaken by Mr. Davis that resulted in the infringement of a registered copyright owned by Plaintiff. (Original Complaint, Dkt. 1 at ¶ 7.) Plaintiff relies only on a sweeping and conclusory allegation that "Defendant's have infringed upon plaintiff's copyrighted material's [sic]." (*Id*.) Plaintiff's allegations of copyright infringement against Mr. Davis are thus mere legal conclusions, and should be dismissed.

### C. The Complaint Against Mr. Davis Should Be Dismissed For Improper Venue

The Court should dismiss the complaint against Mr. Davis pursuant to Federal Rule of Procedure 12(b)(3) for improper venue.

#### 1. Legal Standard

Under Fed. R. Civ. P. 12(b)(3), a cause of action may be dismissed if the complaint was brought in an improper venue. "When an objection to venue has been raised, the burden is on

the plaintiff to establish that venue is proper in the judicial district in which the action has been brought." *Transamerica Corp. v. Trans-American Leasing Corp.*, 670 F.Supp. 1089, 1090 (D. Mass 2007) (citations omitted). Venue in copyright cases belongs to the district where the defendant or his agent resides or may be found. 28 U.S.C. § 1400(a). A copyright infringement defendant typically "may be found" and subject to venue in any district where there is personal jurisdiction. *Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 215 (S.D.N.Y. 1995). However, in the case of non-corporate individual defendants, courts have refused to apply this broad standard. *Blue Compass Corp. v. Polish Masters of America*, 777 F. Supp. 4, 5 (D. Vt. 1991) (finding Vermont to be an improper venue, when defendant, despite being subject to personal jurisdiction in Vermont, resided in California, operated his business from California, and was never within the confines of Vermont).

### 2. Mr. Davis Does Not Reside, Nor Can He Be "Found", In Massachusetts

Mr. Davis does not reside in Massachusetts, nor can he be "found" there under applicable law. 28 U.S.C. § 1400(a). Mr. Davis resides in Florida, not Massachusetts. (Davis Decl. at ¶ 1.) In addition, Mr. Davis cannot be "found" in Massachusetts where Mr. Davis, as explained above, is not subject to personal jurisdiction there. *See Linzer v. EMI*, 904 F. Supp. at 215.

However, even if Mr. Davis were subject to personal jurisdiction in Massachusetts, venue there would still be improper, because as a non-corporate individual, Mr. Davis is not subject to the traditionally broad interpretation of 28 U.S.C. § 1400(a). In a case analogous to the facts here, venue in Vermont was found to be improper as to an individual defendant who resided and conducted his business in California, notwithstanding that the defendant was subject to personal jurisdiction in Vermont:

> As to the question of venue, 28 U.S.C. § 1400(a) directs that copyright infringement actions "be instituted in the district in which the defendant or his agent resides or may be found." Greg Dumond lives and operates his business in California, and, according to his affidavit, has never set foot in Vermont. Although a corporation defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction" for purposes of venue, under 28 U.S.C. § 1391(c), Dumond's business is not a corporation. The materials before the court show that Dumond and his sole proprietorship do not reside and may not be found in Vermont under the venue provisions. The District of Vermont is accordingly the wrong place to sue these defendants for copyright infringement.

*Blue Compass Corp. v. Polish Masters of America*, 777 F. Supp. at 5.

Like the plaintiff in *Blue Compass*, Mr. Davis is an individual non-corporate defendant who resides and conducts his business in Florida and has never been in the Commonwealth of Massachusetts. (Davis Decl. at ¶¶ 1-2, 7.)

In fact, the only connection between Plaintiff's cause of action and Massachusetts appears to be the fact that Plaintiff himself resides in Massachusetts. Plaintiff's state of residence cannot be a proper basis for venue. *Johnson Creative Arts, Inc., v. Wool Masters, Inc.*, 743 F.2d 947, 955 (1st Cir.1984) (citations omitted) (finding it "absolutely clear that Congress did not intend to provide venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts."). Thus, venue in Massachusetts is improper, whether or not the court finds that it has personal jurisdiction over Mr. Davis.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint as against Defendant Radford Davis should be dismissed.

Dated: January 29, 2008				/s/ Amy L. Brosius
						Amy L. Brosius (BBO # 656521)
						Mark A. Fischer (BBO # 167100)
						Fish & Richardson P.C.
						225 Franklin Street
						Boston, MA 02110-2804
						Telephone: (617) 542-5070
						Facsimile: (617) 542-8906
						Attorneys for Defendant Radford Davis

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as nonregistered participants on January 29, 2008.


                                                  /s/ Amy L. Brosius
                                                  Amy L. Brosius