UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR III, an individual<br><br>              Plaintiff,<br><br>v.<br><br>FLOYD WEBB, an individual, et. al.<br><br>              Defendants. | CIVIL ACTION NO.<br>07-11673-MLW |

## **STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, to protect information of a kind whose confidentiality is properly protected under the Federal Rules of Civil Procedure, and to ensure that protection is afforded only to such information, with the consent of the parties, it is hereby ORDERED:

**1.** **Application** - Any information, document, or thing produced in connection with this litigation that is reasonably believed by a party or non-party to contain or constitute either (1) trade secrets and/or confidential or proprietary or commercial information, including sales or financial records, or (2) confidential, non-public personal information such as social security numbers, home telephone numbers and addresses, tax returns, personal evaluations, medical and banking information, of such party or non-party may be designated as "Confidential." As used herein, Confidential material may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and

1

other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions produced herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, and (d) expert reports. The designation of Confidential shall be made in good faith and the handling of such information shall be made in accordance with the terms of this Protective Order.

2. **Marking** - A party producing documents may designate any documents as subject to this Order by producing copies of the document marked with a legend reading "Confidential." The legend shall be placed upon the first page of each document containing such material and upon each page within such document.

   a. For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to a statute, court order, subpoena, by agreement, or otherwise.

   b. Where a document is produced in a magnetic or electronic medium (such as a floppy diskette or tape or CD or DVD), the cartridge, reel, or medium container shall be marked with the appropriate notice.

   c. The confidential status of physical exhibits shall be indicated by placing a label on said physical exhibits marked with the appropriate notice.

3. **Inadvertent Failure to Mark** - If a producing party inadvertently fails to mark Confidential material upon its production, such party may designate such material as Confidential by giving written notice to the receiving party and providing properly marked or designated copies within fifteen (15) days of such notice. As soon as the receiving party receives written notice of the error, the receiving party must treat the information as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information that it

distributed or disclosed to persons not authorized to receive such information, as well as any copies made by such persons. The receiving party will also advise any persons not authorized to receive such information, but who in fact did receive such information, that the information was inadvertently produced and cannot be used or disseminated in a manner inconsistent with the terms of this Protective Order.

    **4.** **Confidential Information** - Confidential material and information derived from Confidential material, including without limitation any testimony about any exhibit designated as Confidential, shall not be disclosed except as stated below (unless this Court rules that there may be further disclosure).

    a. Outside trial counsel of record for the parties to this litigation and employees in those law firms whose functions require access to Confidential material.

    b. The authors, senders, addressees, and copy recipients of Confidential material and employees of the party or non-party producing Confidential material.

    c. Any other person to whom the parties stipulate in writing, provided that such person signs an undertaking in the form of Exhibit A attached to this Protective Order before receiving discovery materials protected by this Order.

    d. An officer or employee of the Court who is directly concerned with carrying out this action in connection with which the information is submitted.

    e. Qualified persons taking testimony and necessary stenographic and clerical personnel thereof (including video technicians).

    f. Photocopy, document imaging, coders, database services, and translation services retained by outside counsel of record to assist with this litigation.

      g. Graphics or design services personnel, jury or trial consulting services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this action, provided that such person signs an undertaking in the form of Exhibit A attached to this Protective Order before receiving discovery materials protected by this Order.

    **5.** **<u>Non-Party Documents</u>** - Any non-party person or entity from whom materials are sought in connection with this action, should be provided with a copy of this Protective Order and notified of the opportunity to designate materials under it. At any time from the date of production, the non-party or any party to this litigation may specifically designate non-party material as it deems appropriate pursuant to this Protective Order. A party who designates non-party material must promptly notify in writing all other parties to this litigation of such designation and must include a copy of the non-party material, properly marked with such notification. Once non-party material has been specifically designated as Confidential the remaining provisions of this Protective Order shall apply.

    **6.** **<u>Non-Disclosure and Non-Use</u>** - All documents produced by, or discovery responses of, any party in these proceedings, as well as all deposition testimony in these proceedings, whether or not designated as Confidential, shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business or competitive purpose or function. To that end, the parties shall not distribute or disclose any documents or information produced in this litigation to any non-party or any of their agents, consultants, officers, directors, employees, or representatives except as on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information. Furthermore, counsel shall make a

reasonable and good faith effort to ensure that no documents or information disclosed in this litigation, including documents that are not designated as Confidential are used for any prohibited purpose.

7. **Handling Magnetic/Electronic Media** - If a party is required to produce a magnetic version of any information, and such information is properly designated as Confidential, it should be produced following these procedures with regard to the protection of that magnetic/electronic media:

   a. No copy of the original magnetic/electronic media product ("Original Media") shall be made unless necessary (a "copy" would include copying or transferring all, or part, of the magnetic/electronic files to another media, such as a diskette or hard disk, except for placement on a file server where access to the copy is limited to persons authorized under this Protective Order, or for backups made for disaster recovery purposes). Without the permission of the producing party, the receiving party may make no more than three (3) copies of the original magnetic/electronic media product.
   b. No copy of the Original Media may be transmitted over the Internet;
   c. Within 60 days of the conclusion of the litigation:
      (1) The Original Media and all copies must be returned or destroyed to the producing party or the receiving party must certify its destruction, as set forth in Paragraph 17. To the extent the producing party requires destruction, the receiving party shall certify that; and
      (2) Counsel must sign a declaration that shall be sent to the producing party certifying that:
         i. to the best of that person's knowledge, the Original Media had been returned to the producing party or has been destroyed; and

5

ii. every copy (other than the one copy permitted under Paragraph 17), whether whole or partial, of the Original Media has been deleted in its entirety, including the use of a disk utility program, such as Norton Utilities or its equivalent, to rewrite the free disk space so that deleted files may not be recovered.

8. **<u>Confidential Information in Depositions</u>** - A deponent may be shown during his or her deposition, documents designated as Confidential under this Protective Order if the deponent is an author or recipient of such document, if that document was produced in this litigation by the deponent's employer or has been approved under paragraphs 4 or 5 above.

   a. Deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them or the entities they represent.

   b. A deponent who is not a party or a representative of a party may be furnished a copy of this Protective Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential documents.

   c. Parties (and deponents) may, either during the deposition or in writing at any time within fifteen (15) business days after receipt of the transcript, designate all or portions of the testimony for protection under this Protective Order. Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Information within the deposition transcript shall be designated by marking the pages containing such information either Confidential, and forwarding copies of these pages to the Court Reporter,

to counsel for the parties, and to any other person known to have a copy of the transcript.

    d. If no party or deponent timely designates the deposition transcript within the time provided in paragraph (c), then none of the transcript will be treated as Confidential under this Protective Order, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order and for which such designation has not been lifted by Court order.

**9. Client Consultation** - Nothing in this Protective Order shall restrict any counsel from advising its client with respect to this action and from relying in a general way upon an examination of material designated pursuant to this Protective Order in giving such advice.

**10. Filing** - Documents containing Confidential Information shall not be filed with the Court except as required by Court rules or as necessary in connection with motions or other matters requiring the Court's attention in this action.

    a. In the event that it is necessary for any party to submit documents containing Confidential Information to the Court, the party submitting such documents shall seek to have the portions of those documents containing Confidential Information sealed, by submitting a motion to the Court prior to the filing of such documents, identifying the Confidential Information they contain and describing why the documents or portions thereof should be sealed; or

    b. The failure of any party to comply with the requirements of this Agreement for the submission to the Court of documents containing Confidential Information shall not affect the status of that information as Confidential. Upon learning of a violation of this Agreement by any other

party, any party may make an application or motion for an order provisionally or permanently sealing any documents believed to contain Confidential Information.

11. **<u>Use of Confidential Material At Hearing or at Trial</u>** - Subject to the Federal Rules of Evidence, documents and other information designated under this Protective Order may be offered in evidence at trial or any court hearing only for purposes of this litigation, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an order that the evidence be received *in camera* or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the trial.

12. **<u>Subpoena by Other Courts or Agencies</u>** - If a non-party, another court or an administrative agency subpoenas or orders production of documents or information designated for protection under this Protective Order which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order.

13. **<u>Inadvertent Disclosure</u>** – Where a party accidentally produces privileged documents, the attorney-client privilege will be preserved if the privilege holder has made efforts reasonably designed to protect the privilege and does not fail to pursue all reasonable means of preserving the confidentiality of the privileged matters. Upon request of the producing party, all such inadvertently produced documents shall be returned to the producing party. However, in returning such inadvertently produced documents the receiving party does not waive its right to argue that the attorney-client privilege has been waived.

14. **No Admissions** -- The acceptance or production of information, documents, or things designated as Confidential by any party or otherwise complying with the terms of this Protective Order shall not constitute an admission or concession that:

    a. Any such designation is appropriate.

    b. The restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential material or

        1. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery; or

        2. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order.

15. **Challenging Designation of Produced Documents** -- Any party challenging a designation of material as Confidential shall specify in writing to the producing party those portions of the information, documents, and things challenged as improperly designated. The producing party shall notify in writing the challenging party of the basis for the asserted designation. The parties shall confer in good faith as to the validity of the designation. To the extent the parties are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court fifteen (15) business days after making the objection, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated by the producing party as Confidential.

**16. <u>Exceptions</u>**

    a. This Protective Order shall not prevent or prejudice any party from applying to the Court for relief from, or modification of, this Protective Order or for further or additional protective orders, or from agreeing with the other party to a modification of this previous Order, subject to this Court's approval.

    b. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or material designated as Confidential obtained lawfully by such party independently of any proceedings in this action, or which:

        1. Was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

        2. Is or becomes publicly known through no fault or act of such party; or

        3. Is rightfully received by such party from a non-party which has authority to provide such information or material without restriction as to disclosure.

**17. <u>Non-Termination</u>** - The provisions of this Protective Order shall not terminate at the conclusion of this action and will continue to bind parties, and non-parties who produce or obtain documents pursuant to this Protective Order. Upon agreement of all counsel of record or within sixty (60) days after this action finally terminates, either because a settlement agreement has been executed and the case dismissed, the time to appeal expires, or the appellate mandate issues after an appeal, whichever event shall occur first, receiving counsel either shall, at the option of the producing party, either (i) return all Confidential material, including all copies, abstracts,

summaries, or documents containing information taken from them (but excluding any materials, which in the judgment of receiving counsel are work product materials in its possession, custody, or control), to counsel for the party or nonparty who produced or provided them, or (ii) certify that the materials were destroyed; provided, however, that one counsel of record for each party may retain one copy of all Confidential material, including all court papers, hearing or trial exhibits, and deposition exhibits, solely for reference in case a dispute arises over the use of information subject to this Protective Order or over compliance with the final judgment.

18. **Effect of Execution** - The execution of this stipulation and Protective Order shall not be construed as an agreement by any person to supply any document, as a waiver by any person of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

19. **Responsibility of Attorneys and Parties** - The parties attorneys and of record are responsible for employing reasonable measures to control, consistent with this stipulation and Protective Order, duplication of, access to, and distribution of copies of documents and information designated for protection under this Protective Order.

IT IS SO ORDERED.

Dated: February 15, 2008
    /s/ Mark L. Wolf
    _____
    Hon. Mark L. Wolf

*20. The court reserves the right to amend this ORDER after giving the
     parties notice and an opportunity to be heard.

STIPULATED AND AGREED TO:

By:_____
    William V. Aguiar, III
    630 Maple Street
    Fall River, MA 02720
    (508) 678-5310

    *Plaintiff, Pro se*

By: /s/ Julie A. Ahrens
    Brandy A. Karl (BBO #661441)
    Lawrence Lessig
    Anthony Falzone
    Julie Ahrens
    Center for Internet and Society
    Stanford Law School
    559 Nathan Abbott Way
    Stanford, CA 94305-8610
    bkarl@stanford.edu
    Tel: (650) 724-0517
    and
    Michael Boudett (BBO # 558757)
    David Kluft (BBO # 658970)
    Walead Esmail (BBO # 666347)
    Foley Hoag LLP
    155 Seaport Boulevard
    Boston, MA 02210

    *Attorneys for Defendant Floyd Webb*

By:_____
    Aaron Silverstein (BBO# 660716)
    Arpiar M. Saunders (BBO# 664997)
    Saunders Silverstein & Booth LLP
    172 State Street Suite 3
    Newburyport, MA 01950
    (978) 463-9100
    asilverstein@ssbooth.com
    msaunders@ssbooth.com

    *Attorneys for Defendants Barron and Wendy Shepherd*

By:_____
    Radford Davis, aka Ashida Kim
    P.O. Box 209
    Lake Alfred, FL 33850

    *Defendant, Pro se*

STIPULATED AND AGREED TO:

By: *William V Aguiar III 12-2-07*  
William V. Aguiar, III  
630 Maple Street  
Fall River, MA 02720  
(508) 678-5310  

*Plaintiff, Pro se*

By:_____  
Brandy A. Karl (BBO #661441)  
Lawrence Lessig  
Anthony Falzone  
Julie Ahrens  
Center for Internet and Society  
Stanford Law School  
559 Nathan Abbott Way  
Stanford, CA 94305-8610  
bkarl@stanford.edu  
Tel: (650) 724-0517  
and  
Michael Boudett (BBO # 558757)  
David Kluft (BBO # 658970)  
Walead Esmail (BBO # 666347)  
Foley Hoag LLP  
155 Seaport Boulevard  
Boston, MA 02210  

*Attorneys for Defendant Floyd Webb*

By:_____  
Aaron Silverstein (BBO# 660716)  
Arpiar M. Saunders (BBO# 664997)  
Saunders Silverstein & Booth LLP  
172 State Street Suite 3  
Newburyport, MA 01950  
(978) 463-9100  
asilverstein@ssbooth.com  
msaunders@ssbooth.com  

*Attorneys for Defendants Barron and Wendy Shepherd*

By:_____  
Radford Davis, aka Ashida Kim  
P.O. Box 209  
Lake Alfred, FL 33850  

*Defendant, Pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR III, an individual

        Plaintiff,

v.

FLOYD WEBB, an individual, et. al.

        Defendants.

CIVIL ACTION NO.
07-11673-MLW

**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this action, understand its terms, and agree to be bound by them and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts to enforce them. I acknowledge that I will treat any CONFIDENTIAL material I receive in this action strictly accordingly to the terms of the Protective Order, and that I understand that any unauthorized use of the CONFIDENTIAL material I receive constitutes contempt of court.

Dated:                                              By:_____