UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR III, an individual<br><br>Plaintiff,<br><br>v.<br><br>FLOYD WEBB, an individual, et. al.<br><br>Defendants. | CIVIL ACTION NO.<br>07-11673-MLW |

**CASE MANAGEMENT STATEMENT**

Defendant Floyd Webb submits this case management statement pursuant to Local Rule 16.1(d) and the Court's February 15, 2008 Order. Despite reasonable efforts, Defendant Webb was unable to obtain the cooperation of Plaintiff Aguiar in the preparation of a joint case management statement.

**1.     Brief Description of the Case and Defenses**

Plaintiff Aguiar initiated this action against documentary filmmaker Floyd Webb to stop Mr. Webb from using certain photographs, graphics and video footage in Mr. Webb's upcoming documentary film which tells the story of the founder of the Black Dragon Fighting Society, Count Juan Raphael Dante, an enigmatic and eccentric martial artist who rose to prominence in Chicago more than forty years ago. Mr. Webb has produced and released two trailers for the film, which are the subject of this action. Mr. Aguiar contends that he owns copyrights in material Mr. Webb used in the film trailers and he seeks injunctive and monetary relief for this alleged infringement.

Mr. Webb denies that any of his work infringes any of Plaintiff's copyrights. Mr. Webb contends that the allegations in Mr. Aguiar's complaint do not specify the materials owned by

1

Plaintiff that Webb has allegedly infringed, and do not specify any work by Mr. Webb that allegedly infringes Plaintiff's copyrights. Mr. Webb further contends that his use of material owned by Mr. Aguiar, if any, is protected by fair use.

Mr. Webb has asserted counterclaims against Mr. Aguiar seeking a declaratory judgment that Webb's use of certain images and logos in the trailer for his upcoming documentary film The Search for Count Dante (the "Trailer") and on his website promoting the film, www.thesearchforcountdante.com (the "Website"), does not constitute infringement of any copyrights or trademarks that Plaintiff owns. Mr. Webb also seeks injunctive relief and damages for Plaintiff's misrepresentation of copyright under the Digital Millennium Copyright Act ("DMCA").

**2.    Factual Issues In Dispute**

The parties differ as to the following:

a) Whether Mr. Aguiar is the owner of the copyrights he asserts in this litigation.

b) Whether Mr. Webb obtained a license to use certain materials at issue in his documentary.

**3.    Legal Issues In Dispute**

The parties differ as to the following:

a) Whether Mr. Webb's use of certain images and logos in the Trailer and on the Website constitute infringement of any copyrights that Plaintiff owns.

b) Whether Mr. Webb's use of material owned by Mr. Aguiar, if any, is protected by fair use.

c) Whether Mr. Aguiar misrepresented his ownership of copyrights under the DMCA.

d) Whether either party is entitled to damages.

e) Whether either party is entitled to injunctive relief.

      f)   Whether either party should be awarded fees and costs for the lawsuit.

**4.    Motion Practice**

There are no motions pending before the Court.

Mr. Webb intends to file a motion for summary judgment on the issue of fair use. The motion will require little factual discovery. Mr. Webb proposes the following briefing schedule for his summary judgment motion:

    Defendant Webb's brief filed: April 22, 2008

    Plaintiff Aguiar's opposition filed: May 6, 2008

    Defendant Webb's reply brief filed: May 13, 2008

    Summary judgment hearing: May 30, 2008

**5.    Alternative Dispute Resolution**

There have been no ADR efforts to date. No settlement conference has been scheduled at this time.

Defendant Webb does not want to go to mediation at this time. While Mr. Webb is always open to reasoned proposals from Plaintiff Aguiar, he is not optimistic about the prospects for productive settlement discussions at this time for several reasons. Most importantly, Plaintiff Aguiar has produced no evidence that he is the owner of the copyrights he asserts. Indeed, he has already admitted that he is not the owner of the film footage at issue here. Without documentary proof that Mr. Aguiar is the true copyright owner of the works he alleges Mr. Webb has infringed, there is no benefit to Mr. Webb of agreeing to license such works from Mr. Aguiar. Production by Mr. Aguiar of documents demonstrating he owns the works at issue is a prerequisite to any settlement discussions. In addition, the Court has ordered that Mr. Aguiar amend his complaint against Mr. Webb to clarify the claims he asserts. Only after an amended complaint is filed will it be clear exactly what works Mr. Aguiar alleges have been infringed, as

well as precisely what works of Mr. Webb are at issue. At that time, Mr. Webb will be in a better position to know what information and documents are needed to establish the ownership of the copyrights at issue.

Moreover, in Defendant Webb's view, Mr. Aguiar's inability or unwillingness to obtain professional legal advice has left him with a distorted sense of the rights and privileges of copyright holders in general, and of the value and strength of his own case in particular. Perhaps for the same reasons, Mr. Aguiar, who has filed no responsive pleading in this case, has given no indication that he is aware of or has the ability to assess the strength of the counterclaims against him. Under these circumstances the chances for a successful outcome to alternative dispute resolution are slim at best.

Finally, Defendant Webb is neither a corporate party nor a wealthy individual, but an independent artist. As of March 6, 2008, he will have already spent many hundreds of dollars to fly from Chicago twice to attend court hearings. In order for Mr. Webb to be able to justify investing more of his limited time and financial resources in the possibility of settlement, the prospects for productive discussions must be more tangible.

**6.** **Consent to Magistrate Judge**

Defendant Webb consents to trial by magistrate. Mr. Aguiar does not consent.

**7.** **Plan for Discovery**

Mr. Webb has agreed to nearly all dates set out in Plaintiff Aguiar's "Plan for Discovery" filed with the Court on December 4, 2007 (Docket #55). Where Mr. Webb does not agree, each party's proposal is indicated. Mr. Webb proposes the following:

    a.    The parties exchanged initial disclosures pursuant to Rule 26(a)(1) on December 3, 2007.

  b.  Discovery will be needed on the following subjects: (i) plaintiff's and defendant's contentions regarding the alleged infringement(s) at issue; (ii) plaintiff's alleged ownership of the copyright(s) at issue and Mr. Webb's license(s) to use such material; (iii) damages.

  c.  Disclosure or discovery of electronically-stored information should be limited as follows, except if otherwise ordered by the court: (1) no party shall be required to engage in forensic recovery of electronic documents; and (2) no party shall be obligated to produce all prior drafts of electronic documents.

  d.  The parties have agreed to, and the Court has approved, a Protective Order regarding the production of confidential documents, material, or information.

  e.  All discovery, including written and deposition discovery, will be completed by September 19, 2008.

  f.  The Federal Rules of Civil Procedure and the Local Rules shall apply to limit the number of interrogatories, requests for admission, requests for production of documents, and depositions by each party, as well as the length of each deposition.

  g.  At this time, the parties do not foresee the use of expert testimony.

**8.**  **Proposed Motion and Trial Schedule.**

  a.  The Court has ordered Plaintiff Aguiar to file an amended complaint by March 14, 2008 clearly stating the factual and legal bases for each of his claims against Webb.

b.  All potentially dispositive motions should be filed by November 21, 2008.

c.  Mr. Webb proposes a final pretrial conference with the court should be held in January 2009. According to his Plan for Discovery, Mr. Aguiar proposes trial be held on January 30, 2009.

d.  Mr. Webb expects this case should be ready for trial by April 2009. According to his Plan for Discovery, Mr. Aguiar expects this case to be ready for trial by July 17, 2009.

March 5, 2008

By: _____/s/_____
Brandy A. Karl (BBO #661441)
Lawrence Lessig
Anthony Falzone
Julie Ahrens
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
bkarl@stanford.edu
Tel: (650) 724-0517
and
Michael Boudett (BBO # 558757)
David Kluft (BBO # 658970)
Walead Esmail (BBO # 666347)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

*Attorneys for Defendant Floyd Webb*