UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR III, an individual<br><br>Plaintiff,<br><br>v.<br><br>FLOYD WEBB, an individual, et. al.<br><br>Defendants. | CIVIL ACTION NO.<br>07-11673-MLW |

**CASE MANAGEMENT STATEMENT AND MEDIATION REPORT**

Defendant Floyd Webb submits this updated statement regarding case management pursuant to Local Rule 16.1(d), and regarding settlement and mediation pursuant to the Court's scheduling order of March 6, 2008. Despite reasonable efforts, Defendant Webb was unable to confer with Plaintiff Aguiar in the preparation of this updated statement. Therefore, where appropriate Defendant Webb has noted Mr. Aguiar's input from the initial case management statement filed March 5, 2008, and his "Motion to Continue Pro Se/Motion for Mediation," filed April 14, 2008.

**1.     Brief Description of the Case and Defenses**

Plaintiff Aguiar initiated this action against documentary filmmaker Floyd Webb to stop Mr. Webb from using certain photographs, graphics and video footage in Mr. Webb's upcoming documentary film which tells the story of the founder of the Black Dragon Fighting Society, Count Juan Raphael Dante, an enigmatic and eccentric martial artist who rose to prominence in Chicago more than forty years ago. Mr. Webb has produced and released two trailers for the film, which are the subject of this action. Mr. Aguiar contends that he owns copyrights in

1

material Mr. Webb used in the film trailers and he seeks injunctive and monetary relief for this alleged infringement.

Mr. Webb denies that any of his work infringes any of Plaintiff's copyrights. Mr. Webb contends that the allegations in Mr. Aguiar's amended complaint do not specify the materials owned by Plaintiff that Webb has allegedly infringed, and do not sufficiently specify any work by Mr. Webb that allegedly infringes Plaintiff's copyrights. Mr. Webb further contends that his use of material owned by Mr. Aguiar, if any, is protected by fair use.

Mr. Webb has asserted counterclaims against Mr. Aguiar seeking a declaratory judgment that Webb's use of certain images and logos in the trailer for his upcoming documentary film The Search for Count Dante (the "Trailer") and on his website promoting the film, www.thesearchforcountdante.com (the "Website"), does not constitute infringement of any copyrights or trademarks that Plaintiff owns. Mr. Webb also seeks injunctive relief and damages for Plaintiff's misrepresentation of copyright under the Digital Millennium Copyright Act ("DMCA").

**2. Factual Issues In Dispute**

The parties differ as to the following:

a) Whether Mr. Aguiar is the owner of the copyrights he asserts in this litigation.

b) Whether Mr. Webb obtained a license to use certain materials at issue in his documentary.

**3. Legal Issues In Dispute**

The parties differ as to the following:

a) Whether Mr. Webb's use of certain images and logos in the Trailer and on the Website constitute infringement of any copyrights that Plaintiff owns.

b) Whether Mr. Webb's use of material owned by Mr. Aguiar, if any, is protected by fair use.

c) Whether Mr. Aguiar misrepresented his ownership of copyrights under the DMCA.

d) Whether either party is entitled to damages.

e) Whether either party is entitled to injunctive relief.

f) Whether either party should be awarded fees and costs for the lawsuit.

**4.    Motion Practice**

On April 8, 2008, Defendant Webb filed a motion in the alternative for default judgment, judgment on the pleadings or sanctions. Mr. Aguiar filed an opposition on April 28, 2008, which has been entered onto the docket as a "Motion to Strike."

**5.    Motion for Summary Judgment on Fair Use**

Mr. Webb has previously noted his intention to seek leave to file a separate motion for summary judgment on the issue of fair use, and the Court has expressed some concerns in this regard. Defendant renews his request here and notes that this issue will require very little factual discovery, for the following reasons:

Although fair use is a mixed question of law and fact, courts routinely resolve fair use determinations at the summary judgment stage where there are no genuine issues of material fact. *See Núñez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 21 (1st Cir. 2000) (holding that where the district court has found sufficient facts to evaluate each of the statutory factors, fair use may be determined as a matter of law on a motion for summary judgment). *See also Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985); *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006); *Blanch v. Koons*, 467 F.3d 244, 250 (2d Cir. 2006). Because the parties only disagree about the ultimate conclusions to be drawn from admitted facts, the Court can decide the fair use issue on a motion for summary judgment.

Here, there are no disputed issues of material fact regarding any of the statutory factors of the fair use analysis. The first fair use factor examines the purpose and character of the allegedly infringing use. The focus of this analysis is whether the new work is a transformative work, one that uses the original work to create new expression or meaning, with a further purpose of creating a different character. Courts frequently make this determination by comparing the new work to the original and analyzing how the copyrighted material is used. *See e.g.*, *Núñez*, 235 F.3d at 22-23 (comparing newspaper's use of photographs to tell a news story with the original use of the photographs for modeling); *Bill Graham*, 448 F.3d at 609-10 (comparing publishers' use of images to tell the biographical story of the Grateful Dead to the original purpose of the images to promote concerts); *Blanch*, 467 F.3d at 252-253 (comparing artist's use of a photograph as fodder for his commentary on the social and aesthetic consequences of mass media with original purpose of the photograph as an advertisement). Here it is evident from the face of the works at issue that Defendant Webb uses the copyrighted material for a purpose different than the original. Mr. Webb uses and recasts the allegedly copyrighted material in a new and creative story that pieces together the biographical artifacts of Count Dante's life. By contrast, all works claimed by Mr. Aguiar, particularly the World's Deadliest Fighting Secrets booklet, were designed to teach martial arts skills. Furthermore, Mr. Webb's state of mind has no bearing on the fair use analysis; the evidence of Mr. Webb's transformative purpose is plain on the face of his work and undisputed.[1]

---

[1] Defendant can find no authority for the proposition that state of mind is ever relevant to the fair use analysis. State of mind appears to be at issue only with regard to counts alleging statutory willful infringement, and even then its relevance is limited to whether infringement was knowing. *E.g., Bridgeport Music, Inv. v. Justin Combs Publishing,* 507 F.3d 470, 481 (6th Cir. 2007).

Similarly, the second and third fair use factors, the nature of the copyrighted work and the amount and substantiality used, do not require factual discovery. The determination of how to weigh these factors can be made as a matter of law based on the face of the works at issue and does not involve the resolution of factual questions.

Limited factual discovery is only necessary regarding the fourth factor, the effect of the use upon the potential market for or value of the copyrighted work. The evidence regarding whether there has been any market harm caused by the alleged infringement or whether any potential market would be damaged by such use is entirely within Plaintiff's possession. Defendant Webb's discovery on this issue will be limited to minimal written discovery and supporting documents (if any) regarding revenue Plaintiff Aguiar has received from sales or licensing of the allegedly copyrighted works.

Because the issue of fair use is dispositive, and its resolution will require minimal factual discovery regarding only the fourth factor, Mr. Webb proposes the following schedule for limited discovery, as well as briefing and resolution of his summary judgment motion:

Defendant Webb propounds limited written discovery and document requests regarding Plaintiff's sales or licensing revenue: May 12, 2008

Plaintiff Aguiar responds to Mr. Webb's Requests for Admissions and Documents: June 13, 2008

Defendant Webb files motion for summary judgment: June 23, 2008

Plaintiff Aguiar files opposition papers: July 9, 2008

Defendant Webb files reply papers: July 16, 2008

Summary judgment hearing: August 15, 2008

**6.      Alternative Dispute Resolution**

There have been no ADR efforts to date.  No settlement conference has been scheduled at this time.  Mr. Aguiar has repeatedly expressed his desire to proceed to mediation.  However, Defendant Webb is no more optimistic about the prospects for alternative dispute resolution now than he was at the time of the parties' previous case management conference.  The lack of clarity in Mr. Aguiar's case, and his apparently distorted sense of copyright law, prevents any realistic discussion of settlement.

Mr. Aguiar's amended complaint, rather than identify the alleged infringement with any specificity, appears to simply list all of the copyrighted works he claims to own without regard to whether Mr. Webb has made use of them. The amended complaint also continues to address the copyrights to film footage that Mr. Aguiar has already admitted belongs to someone else, as well as trade names and logos the rights to which he has alternately asserted and disclaimed several times throughout this litigation.  As to Mr. Aguiar's answer, it is in effect unintelligible, and in fact appears to be little more than a copy of portions of Mr. Webb's answer and counterclaims with the parties' names switched.  Its paragraphs do not correspond to Mr. Webb's counterclaims or meaningfully address them, and it has therefore neither provided notice of Mr. Aguiar's defenses nor narrowed a single material issue in this case, except perhaps by operation of law pursuant to Fed. R. Civ. P. 8(d) ("Effect of Failure to Deny").

Moreover, to the extent these pleadings are decipherable, they continue to reflect a confused sense of the rights and privileges of copyright holders in general, and of the value and strength of Mr. Aguiar's own case in particular.  Coupled with this confusion, Mr. Aguiar has provided no documentary evidence that he is the true copyright owner of the works he alleges Mr. Webb has infringed.  In light of this confusion about what ownership means, and the lack of proof of actual ownership, it remains uncertain that Mr. Aguiar has any rights to convey through

settlement, and doubtful that he will be able to participate in a realistic discussion about those rights.

7. **Consent to Magistrate Judge**

Defendant Webb consents to trial by magistrate. Mr. Aguiar has previously refused such consent.

8. **Plan for Discovery**

In the March 5, 2008 Case Management Statement, Mr. Webb provided the following plan, which he restates here:

Mr. Webb has agreed to nearly all dates set out in Plaintiff Aguiar's "Plan for Discovery" filed with the Court on December 4, 2007 (Docket #55). Where Mr. Webb does not agree, each party's proposal is indicated. Mr. Webb proposes the following:

a. The parties exchanged initial disclosures pursuant to Rule 26(a)(1) on or about April 25, 2008.

b. Discovery will be needed on the following subjects: (i) plaintiff's and defendant's contentions regarding the alleged infringement(s) at issue; (ii) plaintiff's alleged ownership of the copyright(s) at issue and Mr. Webb's license(s) to use such material; (iii) damages.

c. Disclosure or discovery of electronically-stored information should be limited as follows, except if otherwise ordered by the court: (1) no party shall be required to engage in forensic recovery of electronic documents; and (2) no party shall be obligated to produce all prior drafts of electronic documents.

  d.  The parties have agreed to, and the Court has approved, a Protective Order regarding the production of confidential documents, material, or information.

  e.  All discovery, including written and deposition discovery, will be completed by September 19, 2008.

  f.  The Federal Rules of Civil Procedure and the Local Rules shall apply to limit the number of interrogatories, requests for admission, requests for production of documents, and depositions by each party, as well as the length of each deposition.

  g.  At this time, the parties do not foresee the use of expert testimony.

**9. Proposed Motion and Trial Schedule.**

In the March 5, 2008 Case Management Statement, Mr. Webb provided the following plan, which he restates here:

  a.  Other than Defendant Webb's proposed Motion for Summary Judgment on the issue of fair use, all potentially dispositive motions should be filed by November 21, 2008.

  b.  Mr. Webb proposes a final pretrial conference with the court should be held in January, 2009. According to his Plan for Discovery, Mr. Aguiar proposes trial be held on January 30, 2009.

c. Mr. Webb expects this case should be ready for trial by April 2009. According to his Plan for Discovery, Mr. Aguiar expects this case to be ready for trial by July 17, 2009.

May 2, 2008 By: ___/s/ David A. Kluft___
Brandy A. Karl (BBO #661441)
Lawrence Lessig
Anthony Falzone
Julie Ahrens
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
bkarl@stanford.edu
Tel: (650) 724-0517
and
Michael Boudett (BBO # 558757)
David Kluft (BBO # 658970)
Walead Esmail (BBO # 666347)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

*Attorneys for Defendant Floyd Webb*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy was sent to those indicated as non registered participants on May 2, 2008.

/s/ David A. Kluft
David A. Kluft