# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR, III,

                Plaintiff,

    v.

FLOYD WEBB, BARRON SHEPPARD,
WENDY SHEPPARD and ASHIDO KIM
a/k/a CHRISTOPHER HUNTER and
a/k/a BRADFORD DAVIS,

                Defendants.

Civil Action No. 07-CA-11673-MLW

## **DEFENDANT FLOYD WEBB'S APPLICATION FOR ATTORNEYS FEES**

In accordance with the Court's order of May 9, 2008, Defendant Floyd Web respectfully submits this application for attorneys fees incurred as a result of Plaintiff William Aguiar's failure to comply with this Court's March 6, 2008 Scheduling Order. The fees and expenses incurred because of Mr. Aguiar's behavior total over $25,000. However, Defendant Webb seeks $9,102 by this application.[1]

### Background

On or about September 7, 2007, Plaintiff William V. Aguiar III filed a *pro se* complaint against filmmaker Floyd Webb and others alleging copyright infringement.[2] Subsequently, Mr. Aguiar missed deadlines imposed by the Court's scheduling orders, came to hearings

---

[1] Per the Court's May 9, 2008 order, Mr. Webb's counsel conferred with Plaintiff Aguiar's counsel in good faith about what would constitute a reasonable amount. Mr. Aguiar's counsel declined the opportunity to propose an alternative amount and appears to take the position that any award of fees would be unjust due to Mr. Aguiar's financial situation.

[2] Mr. Aguiar chose to proceed without the attorney who had drafted the cease and desist letters which preceded the complaint.

unprepared, failed to answer Defendant Webb's counterclaims, and made conflicting statements about which materials he claimed to own and which materials were the subject of his complaint.

This Court rejected Mr. Aguiar's request for a preliminary injunction and ruled that Mr. Webb was likely to succeed on his fair use defense.[3] Nevertheless, because of the prolonged pendency of this action, potential funders and distributors have been reluctant to get involved with Defendant Webb's film, Mr. Webb has been chilled from arranging placement for the film at exhibition venues, and much of Mr. Webb's attention and limited financial resources have been diverted from his artistic endeavors. Mr. Webb has also been the target of harassment and death threats by an associate of Mr. Aguiar, aimed at dissuading Mr. Webb from completing his film. Meanwhile, there has been virtually no progress in this matter, and even now Mr. Aguiar has still not filed a complaint sufficient to provide notice of his claims.

On March 6, 2008, the Court ordered Mr. Aguiar to file an amended complaint and answer to Mr. Webb's counterclaims by March 21, 2008, and very clearly warned him that the consequences of missing this deadline could include default and sanctions. When Mr. Aguiar missed the deadline anyway, Mr. Webb brought a Motion for Default and sanctions. Mr. Aguiar admitted that he missed the deadline but asked the Court to strike Mr. Webb's motion on the grounds that it contained "scandalous matter."

On May 9, 2008, the Court granted the Motion for Default in part, and also awarded sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Specifically, the Court ordered Mr. Aguiar to "pay the reasonable expenses, including attorney's fees, incurred because of Aguiar's failures to comply with the March 6, 2008 Scheduling Order."

---

[3] In addition, Mr. Webb notes that Mr. Aguiar has consistently failed to show that, as an initial matter, he has legal ownership of any material used by Mr. Webb.

## Tasks Related to Mr. Aguiar's Failure to Comply

The principal expense incurred as a result of Mr. Aguiar's failure to comply with the March 6, 2008 scheduling order involved the Defendant's Motion for Default Judgment (and in the alternative for Judgment on the Pleadings and Sanctions). This motion involved an intensive review of the procedural posture of this case, the submissions by both parties and the Court's orders, the on-line activity associated with this matter, the connection of that on-line activity to Mr. Aguiar, and the harm being suffered by the Defendant. Legal research, preparation of exhibits, preparation for argument and attendance at the motion hearing were also involved. The motion was initially drafted after Mr. Aguiar missed the March 21, 2008 deadline, and then had to be redrafted after Mr. Aguiar served his answer to Mr. Webb's counterclaims on or about April 7, 2008. (Boudett Aff. at ¶ 6).[4]

Other expenses incurred as a result of Mr. Aguiar's failure to comply with the March 6, 2008 scheduling order include the pleadings and other filings prepared since then that will have to be redrafted and resubmitted now that Mr. Aguiar has once again asked the Court to begin these proceedings anew. These include Mr. Webb's answer, counterclaims, initial disclosures, as well as statements required by the Federal rules, local rules and Court orders pertaining to case management and mediation. (Boudett Aff. at ¶ 6).

The attorney principally responsible for these tasks since March 6, 2008 was David Kluft. Attorney Kluft was supported by Walead Esmail, and supervised by Michael Boudett. In addition, co-counsel Anthony Falzone, Julie Ahrens and Brandy Karl, of the Center for Internet and Society at Stanford Law School, provided input and advice in relation to these activities. (Boudett Aff. at ¶¶ 7, 9, 11).

---

[4] References to "Boudett Aff." refer to the Affidavit of Michael Boudett submitted in support of
(Footnote Continued on Next Page.)

**Application for Fees**

In the interests of presenting a reasonable application and avoiding time-consuming disputes, Defendant Webb requests by this application only the fees generated by Attorney Kluft, and only those fees associated with the Motion for Default Judgment as described above. Attorney Kluft spent approximately 22.2 hours drafting, discussing, researching, preparing argument for and arguing the motion. Attorney Kluft's hourly rate is $410. (Boudett Aff. at ¶ 7). Therefore, Defendant Webb requests $9,102 by this application.

The Motion for Default Judgment involved fact-intensive inquiry on several subjects, and the motion had the potential to have a significant impact on the nature and progress of this matter and consequently on the ability of Mr. Webb to exercise his exercise his free speech rights. The results of the motion were positive for Mr. Webb. He has been granted judgment on two of his counterclaims, he has been awarded attorneys fees, and most importantly, the case no longer appears to be stalled. Given the nature, importance, and results of this motion, the time and labor expended by attorney Kluft were reasonable. (Boudett Aff. at ¶ 7). Additionally, Attorney Kluft's hourly rate is reasonable for the current Boston market and his level of experience. (Boudett Aff. at ¶ 7).[5]

Defendant Webb is *not* seeking by this application additional expenses that he arguably is entitled to under the Court's order, and which he reserves the right to seek at a later time. These additional expenses include:

---

(Footnote Continued from Previous Page.)

this application.

[5] Attorney Kluft is a 5th-year associate whose practice includes intellectual property and speech issues. He also has over ten years of experience as a documentary filmmaker, television producer and film festival director. He has served as Mr. Webb's counsel since August, 2007, before the present action was initiated. As such, he is well-suited to understand the factual and legal issues involved, and the particular needs and concerns of the Defendant. (Boudett Aff. at ¶ 8).

- Approximately 11.2 hours (at $320 per hour) in connection with Attorney Esmail's work on the Motion for Default Judgment, totaling approximately $3,584.00. (Boudett Aff. at ¶ 9).

- Approximately 2.3 hours (at $565 per hour) in connection with Attorney Boudett's work on the Motion for Default Judgment, totaling approximately $1,299.5. (Boudett Aff. at ¶ 9).

- Approximately 31 hours of work by attorneys Kluft, Esmail and Boudett since March 6, 2008 on pleadings and other filings, which work will have to be repeated because of Mr. Aguiar's failure to meet the Court's deadlines. These total cost of these additional hours is approximately $11,285.00. (Boudett Aff. at ¶ 10).

- All expenses associated with attorneys Falzone, Ahrens, and Karl in connection with the Motion for Default Judgment and other activities since March 6, 2008. (Boudett Aff. at ¶ 11).

- Copying, long distance telephone and other expenses incurred since March 6, 2008 and totaling over $200. (Boudett Aff. at ¶ 12).

- Expenses and fees associated with bringing this application.

## Request for Fees

For the foregoing reasons, Defendant Webb asks this Court to order Plaintiff William V. Aguiar III to pay his attorneys fees in the amount of $9,102.

>Respectfully submitted,
>
>FLOYD WEBB,
>
>By his attorneys,

/s/ David A. Kluft  
Brandy A. Karl (BBO #661441)  
Lawrence Lessig (*pro hac vice*)  
Anthony Falzone (*pro hac vice*)  
Julie Ahrens (*pro hac vice*)  
Center for Internet and Society  
Stanford Law School  
559 Nathan Abbott Way  
Stanford, CA 94305-8610  
bkarl@stanford.edu  
Tel: (650) 724-0517  

and

Michael Boudett (BBO # 558757)  
David Kluft (BBO # 658970)  
Walead Esmail (BBO # 666347)  
Foley Hoag LLP  
155 Seaport Boulevard  
Boston, MA 02210  

*Attorneys for Defendant Floyd Webb*

Dated: May 16, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system on May 16, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ David A. Kluft  
David A. Kluft