## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIAM V. AGUIAR, III,

                Plaintiff,

    v.

FLOYD WEBB, BARRON SHEPPARD,
WENDY SHEPPARD and ASHIDO KIM
a/k/a CHRISTOPHER HUNTER and
a/k/a BRADFORD DAVIS,

                Defendants.

Civil Action No. 07-CA-11673-MLW

### AFFIDAVIT OF MICHAEL P. BOUDETT IN SUPPORT OF
### DEFENDANT FLOYD WEBB'S APPLICATION FOR ATTORNEYS FEES

I, Michael P. Boudett, do hereby depose and state:

1.     I am a partner with the law firm of Foley Hoag LLP ("Foley Hoag"), 155 Seaport Boulevard, Boston, Massachusetts, and am duly licensed to practice law in the courts of the Commonwealth of Massachusetts and in the Federal District of Massachusetts. I have been a member of the Massachusetts bar for over fifteen years, and have been with Foley Hoag since 1992, first as an associate, and now as a partner in our litigation department.

2.     Foley Hoag represents Defendant Floyd Webb in the above-captioned matter. I have made an appearance in this case, and I have also supervised the work of the two Foley Hoag associates primarily responsible for this matter, David Kluft and Walead Esmail.

3.     I submit this affidavit in support of Defendant Webb's application for fees, which is being submitted in response to the Court's May 9, 2008 order that Plaintiff Aguiar shall pay the reasonable expenses, including attorney's fees, incurred because of Aguiar's failures to comply with the March 6, 2008 Scheduling Order.

4.     I have reviewed Foley Hoag's billing records in this matter related to the period since the Court's last scheduling order on March 6, 2008. Those records are attached to this affidavit as Exhibit A. Certain privileged matter and detail regarding fees not sought by the present application have been redacted.

5.     The fees reasonably related to Mr. Aguiar's failure to follow the Court's order

include the tasks associated with Defendant's Motion for Default Judgment. They also include tasks such as amended pleadings, case management statements and initial disclosures, which were drafted by Mr. Webb's counsel since March 6, 2008, and will have to be redrafted now that Aguiar had been granted leave to file yet another amended complaint. However, Mr. Webb only seeks fees associated with the Motion for Default Judgment.

6. The Motion for Default Judgment, which also included alternative motions for Judgment on the Pleadings and Sanctions, involved a fact-intensive inquiry into the procedural posture of this case, the submissions by both parties and the Court's orders, the on-line activity associated with this matter, the connection of that on-line activity to the Plaintiff and the harm being suffered by Defendant. In addition, legal research, preparation of exhibits, and oral argument were involved. The motion was initially drafted after Mr. Aguiar missed the March 21, 2008 deadline, and then had to be substantially redrafted when Mr. Aguiar submitted his answer to Mr. Webb's counterclaims on April 7, 2008. The motion was very important to our client, whose free speech rights are and continue to be harmed by the unnecessarily prolonged pendency of these proceedings

7. Attorney Kluft, who was principally responsible for the motion, worked approximately 22.2 hours in connection with it. I have reviewed his work and billing records, and find this amount to be reasonable given the nature of the work, its importance to the client and the outcome. Attorney Kluft's hourly rate is $410 which, based on my experience, is reasonable and customary for an attorney of his experience and qualifications at comparable firms in Boston in the current market. The total value of Attorney Kluft's time on the motion is $9,102. The entries which make up this amount are circled on Exhibit A. Where a time entry for a particular day included both hours that are part of this Application and hours that are not, the total time was crossed out and the number of hours included in the total sought were written next to it.

8. I note that in addition to experience in intellectual property and free speech issues, Attorney Kluft has over ten years of experience as a documentary filmmaker, television producer and film festival director. He has served as Mr. Webb's counsel since August, 2007, before the present action was initiated. Therefore, for several reasons, he is well-suited to understand the factual and legal issues involved, and the particular needs and concerns of the Defendant.

9. Other fees associated with Mr. Webb's Motion for Default Judgment include 11.2 hours of work by attorney Esmail at an hourly rate of $320 ($3,584.00) and 2.3 hours of my time

at an hourly rate of $565 ($1,299.50). Defendant Webb's Application does not seek these fees.

10. In addition, fees associated with the pleadings and other papers that will have to be redrafted as a result of Mr. Aguiar's failure to follow the Court's scheduling order include approximately 11.9 hours by Attorney Kluft, ($4,879.00), approximately 17.9 hours by Attorney Esmail ($5,728.00), and approximately and 1.2 hours by myself ($678.00). Defendant Webb's Application does not seek these fees.

11. I also note that time related to the above-mentioned tasks has been expended by Anthony Falzone, Julie Ahrens and Brandy Karl, Mr. Webb's co-counsel at the Center for Internet and Society at Stanford Law School. Defendant Webb's Application does not seek these fees.

12. In addition, since March 6, 2008, Foley Hoag's records show costs for copying, long distance phone service and similar expenses totaling $211.90. Defendant Webb's Application does not seek these costs.

13. The only expenses sought by Defendant Webb at this time include the reasonable fees associated with Attorney Kluft's labor on the Motion for Default Judgment $9,102. Based on my experience, the amount sought is reasonable under the standards set forth by Rule 1.5 of the Massachusetts Rules of Professional Responsibility.

I declare under penalty of perjury under the laws of the United States that the foregoing is correct and true.

Executed May 16, 2008 /s/ Michael P. Boudett
Michael P. Boudett

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy was sent to those indicated as non registered participants on May 16, 2008.

/s/ David A. Kluft
David A. Kluft