UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM V. AGUIAR, III and the BLACK DRAGON FIGHTING SOCIETY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. NO. 07-11673 MLW |
| FLOYD WEBB, | ) ) ) |
| Defendant. | ) ) |

## SECOND AMENDED COMPLAINT

Plaintiffs William V. Aguiar, III and the Black Dragon Fighting Society allege upon knowledge as to their own acts and otherwise on information and belief as follows:

1. This action arises from Defendant Floyd Webb's unauthorized use of certain intellectual property owned and controlled by William V. Aguiar, III and the Black Dragon Fighting Society.

## PARTIES

2. Plaintiff William V. Aguiar, III ("Aguiar III") is an individual residing in Fall River, Massachusetts. Aguair III is the leader of a martial arts organization called the Black Dragon Fighting Society and currently holds the title "Grand Master."

3. The Black Dragon Fighting Society was founded in Chicago, Illinois in the 1960s by Count Juan Raphael Dante (otherwise known as John Keehan). In the early 1970s, Count Dante moved the Black Dragon Fighting Society to Fall River, Massachusetts, where it is currently located.

4. Upon information and belief, Defendant Floyd Webb is a filmmaker residing in Chicago, Illinois.

**JURISDICTION AND VENUE**

5. Defendant has sufficient contacts with the Commonwealth to confer this Court with personal jurisdiction over him pursuant to the Massachusetts long-arm statute, M.G.L. c. 223A, § 3. Defendant has purposefully availed himself of the jurisdiction of the Commonwealth and the exercise of such jurisdiction does not offend traditional notions of fair play and substantial justice.

6. This action asserts claims arising under the United States Copyright Act of 1976, as amended, 17 U.S. C. §§ 101 *et seq*. The Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338. This Court also has subject matter jurisdiction over Plaintiffs' state law claim pursuant to the principles of pendant jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**BACKGROUND**

*Count Dante and the Black Dragon Fighting Society*

8. Count Dante became a prominent figure within the martial arts community in the 1960s in Chicago, Illinois. He is credited as being a co-founder of the United States Karate Association and a pioneer in the field of mixed martial arts.

9. In the 1960s, Count Dante founded a martial arts organization named the Black Dragon Fighting Society and served as the first Grand Master of the organization. He died in or about May 1975.

10. In or about 1968, Count Dante authored a book entitled *World's Deadliest Fighting Secrets*. The stated purpose of the book is "to exhibit some of the secret and forbidden techniques of the Deadliest Oriental Fighting Arts, and familiarize the reader with such Oriental defense systems as Gung Fu, Tai Chi Chuan, Pa Kua, Kempo, Hsing-Yi, Shaolin Boxing and

Chuan-Fa which are in themselves graceful and beautifully, but terrifying deadly and vicious ancient fighting art forms."

11.    The *World's Deadliest Fighting Secrets* includes written descriptions, illustrations, and photographs demonstrating particular techniques including, among other things, the "Poison Hand" technique and certain self-defense forms.  One such defense form is Count Dante's own "Dance of Death."

12.    The "Dance of Death" is a "kata," or choreographed series of movements, comprising of a set sequence of specific defensive postures, movements, and/or forms.

13.    The cover of 1968 edition of the *World's Deadliest Fighting Secrets* is black-and-white and includes the written title in a non-generic font, with two words at the top of the page and two words at the bottom of the page, separated by a stylized illustration of a dragon with its mouth open and tongue protruding.  The *World's Deadliest Fighting Secrets* was sold with this cover from approximately 1968 through 1991.

14.    Count Dante filed with the United States Copyright Office the deposit, application, and fee required for registration of the 1968 edition of the *World's Deadliest Fighting Secrets*.  In or about 1969, Copyright Registration A 86679 was issued to the Black Dragon Fighting Society, accepted alternate business designation of Count Dante.

15.    In or about the early 1970s, Count Dante moved the Black Dragon Fighting Society from Chicago, Illinois to Fall River, Massachusetts, and in 1973, Count Dante passed control and directorship of the Black Dragon Fighting Society to his protégé, William V. Aguiar, II ("Aguiar II").

16.    Aguiar II continued to sell the 1968 edition of *World's Deadliest Fighting Secrets* in his capacity as Grand Master of the Black Dragon Fighting Society.

17. In or about 1991, Aguiar II updated the *World's Deadliest Fighting Secrets* with additional text about Count Dante's life, his "Dan-Te" system of fighting, and photos of the "Poison Hand" technique. The cover of the 1991 edition used the same basic design as the 1968 edition, with a slight modification to the illustration of the dragon.

18. In or about September 1991, Aguiar II filed with the United States Copyright Office the deposit, application, and fee required for registration of the 1991 edition of the *World's Deadliest Fighting Secrets*.

19. Subsequently, Copyright Registration No. TX 3-161-682 was issued to the Black Dragon Fighting Society.

20. Approximately ten years later in or about 2001, Aguiar II and Aguiar III created a video demonstrating the techniques and forms contained in the *World's Deadliest Fighting Secrets* books. The video includes, among other things, Count Dante and Aguiar II performing the "Dance of Death" in or about 1973. This footage of Count Dante and Aguiar II is extremely rare in that it captures the two Grand Masters of the Black Dragon Fighting Society performing the "Dan-Te" system of fighting and Count Dante's own unique defense form.

21. Aguair II filed with the United States Copyright Office the deposit, application, and fee required for registration of a film also entitled *World's Deadliest Fighting Secrets*.

22. Copyright Registration No. Pau 2-673-807 issued for the film *World's Deadliest Fighting Secrets* in the name of Aguiar II.

23. In or about October 2005, Aguiar II died and his son, Aguiar III, succeeded his father as the new Grand Master of the Black Dragon Fighting Society.

***Defendant Webb's Infringement***

24. Webb is currently creating a movie entitled *The Search for Count Dante*.

25. The website www.thesearchforcountdante serves as a vehicle for Webb to promote interest in his movie and to solicit funds. The website prominently displays the cover of the 1968 edition of the *World's Deadliest Fighting Secrets* on the homepage. On that site, visitors can access information posted by Webb concerning Count Dante and Aguiar II and provide financial support for the movie through donations and, from time to time, through the purchase of t-shirts.

26. Webb has also created at least two promotional trailers to generate interest and raise money for his movie. The trailers from time to time have appeared on various websites, including www.thesearchforcountdante.com, www.youtube.com, and www.video.google.com.

27. The website and trailers prominently feature intellectual property owned and controlled by Aguiar III and/or the Black Dragon Fighting Society, including, among other things, the cover of the 1968 edition of the *World's Deadliest Fighting Secrets*, photographs of Count Dante performing the "Dance of Death" contained in the *World's Deadliest Fighting Secrets* books, and the film of Count Dante and Aguiar II performing the "Dance of Death."

28. Defendant has intentionally and willfully used the protected material without authorization because he knew that he would likely be unable to secure permission from Plaintiffs and/or because he wished to avoid the costs associated with lawfully licensing these works and paying royalties.

## COUNT I
### (Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*)

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 as if set forth fully herein.

30. By his actions alleged above, Defendant has infringed and will continue to infringe copyrights owned and controlled by Aguiar III and the Black Dragon Fighting Society

by copying, distributing, and publishing certain copyrighted photographs, illustrations, and video.

31. Defendant has no license or any other form of permission to copy, duplicate, sell, distribute, or claim copyright ownership in the *World's Deadliest Fighting Secrets* books and video or any portion thereof.

32. Defendant's acts of infringement are willful pursuant to the Copyright Act, 17 U.S.C. § 504.

33. Defendant's acts of infringement are in degradation of and injurious to Plaintiffs' exclusive rights as the owners and/or administrators of the copyrights.

34. Plaintiffs have sustained and will continue to sustain damage to the value of the creative works subject to the registered copyrights described above.

35. Plaintiffs are entitled to an injunction restraining Defendant, his agents and employees, and all person acting in concert or participation with him, from engaging in any further acts in violation of the Copyright Act.

36. Plaintiffs are further entitled to recover from Defendant the damages, including attorneys' fees, and any gains, profits, and advantages obtained by Defendant as a result of his acts of infringement as alleged above.

## COUNT II
### (Violation of M.G.L. c. 214 § 3A)

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 as if set forth fully herein.

38. Section 3A of M.G.L. c. 214, makes it unlawful to use any person's "name, portrait or picture . . . within the commonwealth for advertising purposes or for the purpose of trade without his written consent." Section 3A further provides that if the defendant knowingly

uses such person's name, portrait, or picture in such manner as is prohibited or unlawful, the court may award the plaintiffs treble damages sustained by him.

39. Aguiar III is the owner or controller of Aguiar II's right to publicity.

40. Defendant has knowingly used Aguiar II's name and picture in the promotional materials for his movie *The Search for Count Dante* without the written consent of Plaintiffs.

41. As a direct and proximate result of the willful and knowing violations of M.G.L. c. 214, § 3A, Plaintiffs have suffered damages.

42. Further, Plaintiffs are entitled to treble damages, attorneys' fees, costs and such other equitable relief as the Court deems proper, including preliminary and permanent injunctive relief.

WHEREFORE, Plaintiffs request that this Court:

A. Grant Plaintiffs judgment on Counts I and II of the Second Amended Complaint;

B. Determine the amount of Plaintiffs' damages, including statutory damages provided by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and enter judgment in such amount on Aguiar III's claims;

C. Award Plaintiffs their costs and reasonable attorneys' fees in this action;

D. Award Plaintiffs treble damages pursuant to M.G.L. c. 214;

E. Permanently enjoin Defendant, and his agents, servants, employees, attorneys, successors or assigns, and all persons, firms, and corporations acting in concert with him, from directly or indirectly infringing those copyrights owned or controlled by Aguiar III and the Black Dragon Fighting Society, including without limitation copying, distributing, and publishing, in full or in part, the

*World's Deadliest Fighting Secrets* books and films and any expressions contained therein and/or recreating or restaging same; and

F.  Award such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

WILLIAM V. AGUIAR, III and the
BLACK DRAGON FIGHTING SOCIETY,

By their attorneys,

/s/ Heather B. Repicky
Ian D. Roffman (BBO# 637564)
Heather B. Repicky (BBO# 663347)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617)439-2000
hrepicky@nutter.com

Dated: May 23, 2008

## CERTIFICATE OF SERVICE

I certify that, on May 23, 2008, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants

/s/ Heather B. Repicky
Heather B. Repicky